## ANDERSON v. FRY.

Debt upon a judgment rendered in another state. A transcript of the judgment having been offered in evidence, the defendant objected to its admission, and having been required by the Court to point out the grounds of his objection, he stated that "there was no valid judgment recited in the transcript." The trial was while the act of 1851, "in relation to bills of exceptions," (Acts 1851, p. 47,) was in force. *Held*, that the objection was too general.

A judgment rendered in another state by a Court which has obtained jurisdiction of the subject-matter and the parties, is conclusive in this state; and errors between the service of the summons and judgment can not be taken advantage of collaterally.

ERROR to the *Bartholomew* Circuit Court.

Hovey, J.—*Fry* brought an action of debt against *Anderson*. The declaration sets out a judgment rendered *May* 4, 1852, in a Court of record in the state of *Ohio*. An issue was formed upon the plea of *nul tiel record*, and judgment was rendered for the plaintiff below.

The record contains a bill of exceptions, from which it appears that a transcript of the *Ohio* judgment was offered in evidence. The transcript shows that *Fry* sued *Ander-*

*son* in an action of slander, and that he was duly served with process on the 29th day of *June*, 1850; that the declaration was filed *July* 31st following, and *Anderson* ruled to plead by the next rule-day. The cause was continued from term to term until *May*, 1852, when the record shows an assessment of 1,000 dollars damages by a jury of inquiry, for which the Court rendered final judgment. The record is silent as to a default or verdict.

On the trial in the Circuit Court, *Anderson's* counsel objected to the reading of the transcript in evidence, and being required by the Court to point out his objections, did so by saying that "there was no valid judgment recited in the transcript."

In the case of *Camden* v. *Doremus* and Others, 3 Howard 515, the Supreme Court of the *United States* decided that a general objection to testimony, without stating the grounds, should be wholly disregarded; and the same doctrine was subsequently sanctioned by this Court in the case of *Russell* v. *Branham*, 8 Blackf. 277. This healthy and safe rule was subsequently modified by "An act in relation to bills of exceptions," approved *February* 13th, 1851, which provides—

"That in all cases where any bill of exception shall be or shall have been taken in any Court to the ruling of such Court in admitting or rejecting of any evidence offered or given on any trial in such Court, it shall not be held necessary in any other Court to which a record of such cause shall be taken on error or by appeal, that the ground of objection to such evidence, or the opinion of said inferior Court, should appear in such bill of exception; but the superior Court shall determine, upon the whole record, as to the rightfulness of admitting or extending such evidence, and decide accordingly, unless such bill of exception shall show that the party presenting the same was required, at the time of taking his exception, to state the cause of objection and refused to give it." Acts 1850–1, p. 47.

We do not think that the general manner in which *Anderson's* counsel objected to the judgment would bring his

Nov. Term,  objection within the foregoing section.   But giving it the
   1854.   fullest latitude, the Court committed no error in over-
 BRUSH     ruling it.
   v.
CARPENTER.      The *Ohio* Court having obtained jurisdiction over the
subject-matter and *Anderson*, their judgment is conclusive
between the parties until reversed, and the intermediate
errors between the service of the summons and judgment,
can not be taken advantage of collaterally.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Herod* and *S. Stansifer*, for the appellant.