BURLEY TOBACCO GROWERS' CO-OPERATIVE ASSOCIATION v. ROEDER.

[No. 12,773. Filed March 6, 1929.]

*Robert H. Hays* and *Perry E. Bear*, for appellant.
*Curtis Marshall* and *Bear & Bear*, for appellee.

REMY, J.—Appellee, a resident of this state, is a producer of tobacco. Appellant is a co-operative marketing association composed of tobacco growers residing, for the most part, in Indiana, Kentucky and North Carolina. This action is by appellee, a member of appellant association, against appellant on a written contract referred to by the parties in the pleadings as a "pool contract" or "marketing agreement." For a comprehensive discussion of the nature and powers of appellant association, its method of doing business, and

the character of the marketing agreements executed by its members, see *Burley Tobacco Growers Assn.* v. *Rogers* (1926), *ante* 469, 150 N. E. 384; *Dark Tobacco Growers' Co-operative Assn.* v. *Robertson* (1925), 84 Ind. App. 51, 150 N. E. 106.

Appellee avers in his complaint that, in accordance with the terms of the marketing agreement sued on, he sold and delivered to appellant his crop of tobacco for the year 1922, consisting of 1,605 pounds, which was at the time of the value of $513.60; that upon delivery appellant paid the sum of $130.20, and that, under the terms of the agreement, the balance is due, for which judgment is prayed.

In addition to a denial, appellant filed what it designates as its "second paragraph of answer by way of set-off," in which it is averred that appellee is indebted to it in the sum of $500, with interest from April 27, 1923, evidenced by a certain judgment rendered against appellee and in favor of appellant, in Carroll Circuit Court of Carroll county, Kentucky. The entire record of the Kentucky court is incorporated in the pleading, and shows that the court is a court of general jurisdiction and that the action which resulted in the judgment was based upon the alleged fact that appellee had failed to deliver to appellant his entire crop of tobacco for 1922, as per marketing agreement executed by him, 10,000 pounds of the crop having been sold to other parties. The $500 judgment was rendered on the basis of five cents per pound liquidated damages, as provided by the marketing agreement. Prayer of the pleading is that the judgment be set off against any recovery by appellee on his complaint, and for judgment over against appellee for balance. To the set-off, appellee, in addition to an answer in denial, filed a pleading which by its terms is denominated "second paragraph of answer," setting up that the Kentucky judgment was procured by fraud.

Hereinafter, we shall refer to this pleading as the second paragraph of answer. A reply in denial closed the issues.

Trial resulted in a finding and judgment for appellee on his complaint, and against appellant on its set-off. Judgment was for $266.18.

The only error assigned and presented is the action of the court in overruling motion for new trial.

On the issue presented by the second paragraph of answer to appellant's set-off, arises the one question presented which will require consideration in this opinion. In the answer it is admitted that the appellant procured the Kentucky judgment which forms the basis of the set-off, but it is averred that the judgment ought not to be set off against the amount found due appellee on his complaint, for the reason that the judgment was procured by fraud, in this, that immediately upon being served with process by the sheriff of Carroll county, Kentucky, informing him of the commencement of the action by appellant against him, appellee called upon appellants' attorneys, with whom he conferred in reference to the subject-matter of the action, and with whom a settlement was agreed upon; and it was then and there agreed as a part of the settlement that at the next term of the Carroll Circuit Court, appellant would dismiss the pending action; that, relying upon this agreement, appellee did not employ counsel; did not appear in response to the summons served upon him; and that at the next term of the court, appellant, by its attorneys, fraudulently and in violation of the agreement to dismiss, took judgment against appellee by default, which judgment, so fraudulently procured, is the judgment described and pleaded in the set-off. The pleading closes with the prayer that the judgment "be declared fraudulent and void" and that appellant "be not allowed or permitted to set up the same as a set-off" to appellee's claim sued on.

On the trial, the judgment pleaded in the set-off, to-

gether with a transcript of all the pleadings and proceedings of the court leading up to the judgment, was introduced in evidence by appellant without objection; and over appellant's objection, the trial court permitted appellee to introduce much evidence tending to impeach the judgment. The action of the court in admitting this evidence was assigned as a reason for new trial, and is properly presented to this court, but in our view a consideration of that particular question will not be necessary.

It is conceded by appellee that upon the filing of the complaint in the Kentucky court, he was properly served with process, and that the court had jurisdiction of his person and of the subject-matter of the action.

Article 4, §1 of the Constitution of the United States, provides that full faith and credit shall be given in each state to the judicial proceedings of every other state; and in accord therewith, the courts of appeal of this state have correctly held that the judgments of the courts of general jurisdiction of any state having jurisdiction over the parties and the subject-matter are conclusive in other states until reversed on appeal or vacated by the court which rendered the judgment, and are not, therefore, open to collateral attack. *American Mutual Life Ins. Co.* v. *Mason* (1902), 159 Ind. 15, 64 N. E. 525, and cases there cited; *Rodenbeck* v. *Crews State Bank & Trust Co.* (1928), 163 N. E. (Ind. App.) 616.

But appellee, claiming that his second paragraph of answer to the set-off is, in fact, a cross-complaint, and treating it so, makes the contention that the failure of appellant to procure a ruling on its demurrer, and thus test the pleading by demurrer with memorandum pointing out its defects, thereby waived its right to object to evidence adduced by appellee to sustain the pleading, and has waived its right to

attack the conclusion of the trial court based upon such evidence, citing cl. 6 of §362 Burns 1926, which provides that objections to a complaint presented by a demurrer for want of facts, not included in memorandum filed with demurrer for want of facts, are waived. The contention of appellee is without merit. There having been no ruling on the demurrer, the situation is the same as if no demurrer had been filed. See *Prudential Ins. Co.* v. *Ritchey* (1918), 188 Ind. 157, 119 N. E. 369.

The Kentucky court, being a court of general jurisdiction, and having had jurisdiction of the person and the subject-matter, the judgment rendered was not void, and not subject to collateral attack. If the judgment is voidable for fraud of appellant, as claimed, appellee's remedy is by a proper proceeding in the court which rendered the judgment. *Hollinger* v. *Reeme* (1894), 138 Ind. 363, 36 N. E. 1114, 24 L. R. A. 46, 46 Am. St. 402; *Weiss* v. *Guerineau* (1886), 109 Ind. 438, 9 N. E. 399; *Supreme Council* v. *Boyle* (1895), 15 Ind. App. 342, 44 N. E. 56.

Finally, appellee contends that the judgment should in any event be affirmed, for the reason, as claimed, that affirmance will result in substantial justice, citing §659 of Code of Civ. Proc., §725 Burns 1926. Taking into consideration the competent evidence properly admitted, we cannot know that the correct result was reached.

It clearly appears from the record that the trial court permitted a collateral attack upon the foreign judgment pleaded by way of set-off, which action, the judgment not being void, was contrary to law, for which appellant is entitled to a new trial.

Reversed.