ANTHONY v. DICKEY, JUDGE

[No. 28,398. Filed December 19, 1947.]

503

*Lee Roy Anthony, pro se.*

*Joseph A. Dickey, pro se.*

O'MALLEY, J.—The relator has filed a verified petition requesting that Joseph A. Dickey, Judge of the Madison Circuit Court, be mandated to set for trial his petition in that court wherein he requests a writ of error *coram nobis.*

We have examined the pleadings and find that the relator was tried before said circuit court with the Honorable Charles E. Smith presiding as judge thereof. Judge Smith, who tried the case and who sentenced the relator, is available and, under our decisions, he would be the one to preside in the trial of this matter in the lower court.

Under the rules of this court it is necessary for a petitioner, in an original action, to attach thereto certified copies of pleadings and entries. Rule 2-35. If such petition is filed by a citizen not confined to one of our penal institutions he would be required to comply with our rule. Should we grant to those who are in such institutions greater privileges than are enjoyed by those not so confined?

There is no showing that notice was issued to the Attorney General as provided by statute. § 49-1937, Burns' 1933 (Supp.), as amended by the Acts 1947, ch. 196, p. 638. This court has determined that such service is necessary under the statute. *State ex rel. Wadsworth* v. *Mead, ante,* pp. 123, 128, 73 N. E. (2d) 53, 55.

The relator also complains of the actions of the public defender in appearing in the Madison Circuit Court in his behalf. The public defender is a member of the bar of this court, and when he appears in court on behalf of an inmate of one of our institutions it will be presumed that he is acting for that inmate and on his behalf and at his request. It may be that the relator can show otherwise but certainly a mere assertion cannot overcome the presumption that such attorney has been properly authorized in the matter in which he acted.

Finally, the claim here asserted involves two sentences of a court of competent jurisdiction. It is asserted that the judgments are void and that there has been double jeopardy, but insufficient facts have been pleaded to enable this court to consider such questions. There is no showing that the respondent judge has failed or refused to perform some duty which has been by law imposed on him.

For the reasons given above we cannot issue a writ of mandate in this matter and the petition is therefore denied.

NOTE.—Reported in 76 N. E. (2d) 253.