STATE EX REL. KOCH *v.* VANDERBURGH
PROBATE COURT, MERRELL, JUDGE.

[No. 30,581. Filed January 13, 1965.]

*Bates & Hancock,* of Evansville, for relator.

*Kahn, Dees, Donovan & Kahn,* of Evansville, for respondent.

ACHOR, J.—This is an orginal action for a writ of prohibition and mandate growing out of proceedings to appoint a guardian of relator's Indiana estate brought in the Vanderburgh Probate Court.

The Indiana proceedings were instituted by Dorothy

Farrow Schrader contemporaneously with proceedings filed for the appointment of a guardian of relator's person and estate in Florida. The law firm of Bates and Hancock entered an appearance in the Indiana proceedings for relator and her son who was also served with process in the case. The appearance of said attorneys was challenged by Kahn, Dees, Donovan and Kahn, attorneys for petitioner below on the basis of Burns' Ind. Stat. Anno. §4-3611 (1946 Repl.).

Bates and Hancock, as evidence of their authority, introduced a signed and sealed but undated document entitled: "Answer to the Petition for Appointment of Guardian of the Estate of Minnie F. Koch." In opposition to this showing petitioner below, Dorothy Farrow Schrader, by her said attorneys, introduced the record of the Florida proceedings in which the Florida court found relator incompetent and appointed a guardian of both her person and her Florida estate. On the basis of these orders and the admission of Bates & Hancock that they had no authorization from the Florida guardian, the respondent court determined that Bates & Hancock were without authority to represent relator and entered an order denying their right to appear and directed the relator be represented by the Vanderburgh County prosecutor together with an attorney selected by the Florida-appointed guardian.

Relator here seeks to have the latter order vacated, on the ground that counsel have made a prima facie showing of their authority to represent relator and that respondent court therefore is without authority to deny their right to appear. A temporary writ of mandate and prohibition was issued.

The determination of this case hinges upon the right of the court to determine the propriety of the appearance of the firm of Bates & Hancock on the basis of the record in the Florida court. Several considerations

of law and public policy are important in reaching a proper result in this case.

*One:* The appearance of said attorneys Bates & Hancock constituted a prima facie showing of authority. *Anthony* v. *Dickey, Judge* (1947), 225 Ind. 502, 76 N. E. 2d 253; *Gatewood* v. *Board of Comrs. of Hamilton Co.* (1949), 119 Ind. App. 297, 86 N. E. 2d 298.

*Two:* It is the policy that law should be liberally construed in guardianship proceedings to allow the presentation of a defense on behalf of the alleged incompetent who may be totally unable to make his own defense or to formally authorize a law firm to make such a defense. This policy finds support under analogous circumstances where the law declares a policy of liberality relative to attempts to restore the right to exercise control over property to the owners thereof. Burns' Ind. Stat. Anno. §8-148 (1953 Repl.) provides in relevant part:

"Any person may file a petition on behalf of the ward, to have him adjudicated competent. . . ."

*Three:* The complaint in the primary action in the trial court specifically alleged that "there is no guardian of the person or estate of said Koch in this or any other state." Thus, the introduction of such evidence, without first amending the pleadings in the action, was improper because it necessarily had the effect of defeating petitioner's own cause of action.

*Four:* We are here confronted with a disparity of parties and subject-matter between the Indiana and Florida proceedings, which disparity prevents the application of the full faith and credit doctrine. Here, under the pleadings, the Indiana proceeding is independent of, rather than ancillary to, the

Florida litigation. Further, if the Florida decree were considered applicable, it could only settle the question of competency. The issue as to whom letters of guardianship should be granted in this state remains to be determined. It may well be to relator's interest that the issue be litigated by attorneys of her choosing.

The temporary writ hereinbefore issued is therefore made permanent.

Arterburn, C. J., Landis & Myers, JJ., concur.

Jackson, J., dissents, with opinion.

### DISSENT

JACKSON, J.—The determination reached by the majority opinion herein is, in my opinion, erroneous and I therefore dissent thereto.

The case at bar comes to us by way of a petition for Writ of Mandate commanding the respondents herein, to strike from the record and expunge from the same, its order heretofore made, denying the right of the law firm of Bates and Hancock to appear for the relator in an action then pending in the Vanderburgh Probate Court entitled Dorothy Farrow Schrader v. Minnie F. Koch and numbered GD64-16 on the dockets thereof; relator further sought, in her petition for the writ, an order commanding respondents to permit the appearance of record of the law firm of Bates & Hancock for the relator in said cause No. GD64-16, or in the alternative to show cause why the writ should not be made permanent. We issued the writ in the alternative.

The parties have raised issues in the trial court that require discussion in the determination of the issues at bar. Respondent, in his return, states "[t]he sole issue involved in this proceeding is whether or not the law firm of Bates & Hancock should have been permitted to appear for the alleged incompetent, Minnie F. Koch, in the proceeding pending in the Vanderburgh Probate

Court for the appointment of guardians for the estate of Minnie F. Koch located in the State of Indiana." With that contention the writer is not in entire agreement.

The factual situation here presents a muddled and not entirely pleasing picture. The record before us discloses that cause No. GD 64-16 was instituted in the Vanderburgh Probate Court on January 28, 1964, that such action was instituted for the appointment of a guardian for one Minnie F. Koch. One of the allegations of the complaint, being rhetorical paragraph six thereof reads as follows: "That there is no guardian for the person or the estate of said Koch on this or any other state."

Thereafter, on the same day respondent court entered an order herein, which omitting the heading and signature thereto reads as follows:

"Comes now Dorothy Farrow Schrader and files her verified petition herein for appointment of guardians of the estate of Minnie F. Koch, an alleged incompetent, and the Court now sets said petition for hearing more than 10 days hence and on the 18th day of February, 1964, at 9:30 a.m. and orders that notice of said petition be served as follows:

"That a notice and summons be issued by the Clerk and delivered by the Sheriff of Vanderburgh County, Indiana to said alleged incompetent, Minnie F. Koch, by leaving a copy of the same at her last and usual place of residence at 3521 Lincoln Avenue, Evansville, Indiana; that notice and summons be sent by the Clerk by registered mail, return receipt requested, addressed to said Minnie F. Koch at 6685 Sheffield Lane, LaGorce Island, Miami Beach, Florida, to be posted by depositing in any United States Post Office in this state at least 14 days prior to the date set for hearing in said notice; that notice and summons be sent by the Clerk by registered mail, return receipt requested, addressed to Florence A. Curtis at 6685 Sheffield Lane, LaGorce Island, Miami Beach, Florida, to be posted by depositing in any United

States Post Office in this state at least 14 days prior to the date set for hearing in said notice; that notice and summons be delivered by said Sheriff to William H. Koch by leaving a copy of the same at his last and usual place of residence at 14 Jefferson Avenue, Evansville, Indiana; that notice and summons be sent by the Clerk by registered mail, return receipt requested, addressed to William H. Koch at 6685 Sheffield Lane, La-Gorce Island, Miami Beach, Florida, to be posted by depositing in any United States Post Office in this state at least 14 days prior to the date set for hearing in said notice; that notice and summons be sent by the Clerk by registered mail, return receipt requested, addressed to Administrator, Cedars of Lebanon Hospital, 1321 N.W. 14th Street, Miami, Florida."

Thereafter, on the 17th day of February, 1964, the following order was entered of record in the Vanderburgh Probate Court, to-wit:

"G.D.64-16

"IN THE MATTER OF THE GUARDIANSHIP OF MINNIE F. KOCH, INCOMPETENT: DORTHY FARROW SCHRADER, PETITIONER.

"Comes now Bates and Hancock, attorneys, and enter appearance for Minnie Koch and William H. Koch herein.

"/s/ Morris S. Merrell, Judge
Vanderburgh Probate Court."

Thereafter, on the 18th day of February, 1964, the following order of said court was made and entered of record, such order, omitting formal parts and heading, reads as follows:

"Comes now the petitioner, Dorothy Farrow Schrader, in person and by her attorneys, Kahn, Dees, Donovan & Kahn, and petitioner now shows to the Court that this is the time and place heretofore fixed by the Court for a hearing on petitioner's verified petition for appointment of guardians of the estate of Minnie F. Koch, an

alleged incompetent, and petitioner shows and the Court now finds that summonses and notices as ordered by the Court herein on January 28, 1964, of the time and place of hearing on petitioner's said verified petition had been duly served as required by law and by said order.

"And now come Bates & Hancock, attorneys at law, they having heretofore entered their appearance in this cause for the alleged incompetent, Minnie F. Koch, and William H. Koch on the 17th day of February, 1964.

"And now prior to the commencement of said hearing the petitioner, by her said attorneys, orally moves the Court, pursuant to Burns' Indiana Statutes Annotated, 1946 Replacement, Section 4-3611, that the firm of Bates & Hancock be required to produce and prove the authority under which they appear for Minnie F. Koch, the alleged incompetent, and in support of said motion said petitioner offered to introduce and read in evidence the following exhibits:

" '1. Petitioner's Exhibit No. 1, being a duly certified and exemplified copy of a court order entered February 11, 1964, in a certain incompetency proceeding pending in the County Judge's Court in and for Dade County, Florida, in cause No. 14091, before the Honorable George T. Clark, County Judge, and which Exhibit No. 1 contains the proceedings, including the report of the committee as to the condition of Minnie F. Koch, the alleged incompetent herein, and also an order of said County Judge entered on February 11, 1964 finding, ordering and adjudging that said Minnie F. Koch was both mentally and physically incompetent.

" '2. Petitioner's Exhibit No. 2, being a duly certified and exemplified copy of an amended order of said Honorable George T. Clark, County Judge, entered in said cause No. 14091 in the County Judge's Court in and for Dade County, Florida, dated February 17, 1964, but nunc pro tunc as of February 11, 1964, amending said prior order finding, ordering and adjudging the said Minnie F. Koch both mentally and physically incompe-

tent to finding and adjudging her only physically incompetent.

" '3. Petitioner's Exhibit No. 3, being a duly certified copy of Letter of Guardianship showing the appointment of Chester F. Farrow and Florence Albertine Curtis as guardians of the person of Minnie F. Koch because of physical incompetency, and which Letters of Guardianship are dated February 11, 1964, and were issued pursuant to the order of the County Judge's Court in and for date County, Florida.

" '4. Petitioner's Exhibit No. 4, being a duly certified copy of Letters of Guardianship issued to Mercantile National Bank, of Miami Beach, Florida, as guardian of the estate of Minnie F. Koch because of physical incompetency, issued February 11, 1964, pursuant to the order of the County Judge's Court in and for Dade County, Florida.' " ·

"And to which offer to introduce petitioner's Exhibits Nos. 1, 2, 3, and 4 Attorney Claude Bates, of the firm of Bates & Hancock, objects and which objection the Court now overrules, and orders petitioner's aforesaid Exhibits Nos. 1, 2, 3 and 4 admitted and read in evidence.

"And Attorney Claude Bates being asked in open Court if he or the firm of Bates & Hancock had authority from Chester F. Farrow and Florence Albertine Curtis, as guardians of the person of Minnie F. Koch, or Mercantile National Bank, as guardian of the estate of Minnie F. Koch, to appear for and on behalf of Minnie F. Koch, the alleged incompetent in this proceeding, and he having replied that neither he nor his firm had such authority, the Court now sustains said petitioner's motion and orders that said attorneys produce and prove the authority by which they purported to appear for the alleged incompetent, Minnie F. Koch.

"And thereupon Claude Bates, of the firm of Bates & Hancock, offered to introduce in evidence, for the limited purpose of showing the authority of the firm of Bates & Hancock to appear for Minnie F. Koch in this proceeding, a document entitled 'Answer to Petition for Appointment of Guardian of the Estate of Minnie F. Koch.'

"And now the petitioner objects to the introduction into evidence of the aforesaid document entitled 'Answer to Petition for Appointment of Guardian of the Estate of Minnie F. Koch' and in support of said objection petitioner offers to introduce and read into evidence petitioner's Exhibit No. 5, being a certified and exemplified copy of the record of the proceedings and testimony held in cause No. 62192-C entitled 'In re Guardianship of Minnie F. Koch' held in the County Judge's Court in and for Dade County, Florida, In Probate, before the Honorable George T. Clark, County Judge, on Monday, February 10, 1964, to which offer the said Claude Bates at the time objects, and the Court being duly advised now overrules said objection and orders petitioner's Exhibit No. 5 read in evidence.

"And now the petitioner offers to introduce and read into evidence petitioner's Exhibit No. 6, being a certified and exemplified copy of the proceedings and testimony held before the Honorable Harold P. Dekle, Circuit Judge, in chambers, in the Dade County Court House, Miami, Florida, on January 17, 1964, in the Circuit Court of the Eleventh Circuit of Florida, in and for Dade County, Florida, in Chancery, and bearing No. 64C-505 on the docket of said court, in which Florence Albertine Curtis was plaintiff and William M. Koch and Bettie Koch, his wife, were defendants, to which offer Attorney Claude Bates objected, and which objection the court overruled, and ordered petitioner's Exhibit No. 6 admitted and read in evidence.

"And now the Court orders that petitioner's objection to the document offered by the said Claude Bates entitled 'Answer to Petition for Appointment of Guardian of the Estate of Minnie F. Koch' be overruled and that said document be admitted in evidence only as to the authority of Bates & Hancock to appear for Minnie F. Koch, the alleged incompetent herein.

"And now the Court takes the question of the authority of Bates & Hancock to appear for Minnie F. Koch under advisement.

"And the Court on his own motion orders that the hearing on said petition for appointment of a guardian of the estate of Minnie F. Koch, which

had been set for this time and place, be vacated and continued, to which action the said Claude Bates objected."

The exhibits referred to in the preceding order as Exhibit Nos. 1 to 4 inclusive, as shown by the verified return of respondents to the Temporary Writ issued by this court, show that on January 21, 1964, a petition was filed in the County Judge's Court of Dade County, Florida, seeking to have Minnie F. Koch, defendant therein adjudged an incompetent. That thereafter proceedings were had in said cause in said court, resulting in a finding and judgment on February 11, 1964, that Minnie F. Koch was incompetent and appointing Chester F. Farrow and Albertine Curtis as guardians of her person and the Mercantile National Bank of Miami Beach, Florida, as guardian of the estate of said Minnie F. Koch.

On the state of the record before us it appears that:

A. The filing of cause No. G.D.64-16 constitutes a collateral attack upon the judgment of a sister state in derogation of the constitutional prohibition. U. S. Constitution, Art. 4, §1; §2-1606, Burns' 1963 Cum. Supp.; *Scott* v. *Scott* (1949), 227 Ind. 396, 86 N. E. 2d 533; *Burley Tobacco Growers', Etc. Assn.* v. *Roeder* (1929), 88 Ind. App. 649, 165 N. E. 330; *Anderson* v. *Fry* (1854), 6 Ind. 76; 30 Am. Jur., Judgments, §§237, 239, pp. 304, 407; 50 C. J. S., Judgments, §889 (e), p. 481.

B. The issues sought to be raised and adjudicated in cause No. G.D.64-16 have all been determined and adjudicated in cause No. 14091 in the County Judge's Court in Dade County, Florida, and that said action pending in the Vanderburgh Probate Court is res judicata.

C. That respondent court, by its verified response to the alternative writ heretofore issued by this Court,

clearly shows it has no jurisdiction to entertain, hear or determine the issues attempted to be presented in cause No. G.D.64-16.

D. Respondents have successfully pleaded relators out of the right to appear for and on behalf of Minnie F. Koch in said cause No. G.D.64-16 and have thereby disclosed a complete lack of jurisdiction in said court to entertain, hear, and/or determine the issues attempted to be presented in said action.

F. The record shows clearly and without contradiction that all proceedings instituted in Indiana were and are subsequent to the action instituted in the state of Florida. Thus, the statement in the majority opinion, "[h]ere the Indiana proceeding is independent of, rather than ancillary to, the Florida litigation" is true and acts as a further bar to the Indiana proceedings. One might well ask, how many guardians of the person and estate of an incompetent can you have, in how many jurisdictions, by how many independent actions, and ultimately who has control of the person and estate of the incompetent?

The record in the case at bar presents the unique situation of having disposed of all the issues not only in the original action, but also in cause G.D.64-16. The respondent in its verified response takes judicial notice of the actions of the County Court of Dade County, Florida, in appointing guardians of the person and property of Minnie F. Koch and renders judgment based thereon, thereby incorporating such action of the sister state in its own judgment under the full faith and credit clause of the United States Constitution, and having done so, such respondent court can no longer claim or assert jurisdiction over the person or subject matter in cause No. G.D.64-16.

The temporary writ heretofore issued in the alternative should be dissolved, the permanent writ denied, and

respondent court directed to dismiss cause No. G.D.64-16 at the costs of the petitioner therein.

NOTE.—Reported in 203 N. E. 2d 525.