LONNIE JACKSON PARSLEY *v.* STATE OF INDIANA.

[No. 972S118. Filed August 31, 1973.]

*Barrie C. Tremper,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Anthony J. Metz,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is an appeal from a conviction of inflicting injury in the course of a robbery (IC 1971, 35-13-4-6,

being Burns § 10-4101) after a trial by jury in the Allen Circuit Court, Honorable Hermann Busse presiding. Appellant contends that the trial court committed error by allowing the victim of the crime to make an in-court identification of appellant after it was established that the victim had been exposed to a post-indictment photographic display which was held without notice to or presence of appellant's counsel.

The relevant facts of this appeal are that on September 17, 1970, the Maloley's Supermarket in Fort Wayne, Indiana, was held up by three men. Two of the men had pistols and the third carried a shotgun. During the course of the robbery one of the employees of the store apparently ventured too close to one of the robbers and the man struck the employee on the head with a pistol. It was later discovered that the victim's skull had been fractured by the blow and he spent several months in the hospital.

Appellant was tried separately from his co-defendants and the victim testified at the trial. He stated that after he was struck by one of the men carrying the pistol he staggered toward the holdup man carrying the shotgun. This man threatened to shoot the victim unless he sat down, which the victim then did. At the time the victim was threatened he testified that he was within three or four feet of the man carrying the shotgun. The victim identified the appellant as that man.

Before this in-court identification was made, however, appellant's attorney asked and received permission to voir dire the witness concerning possible pre-trial identification events. The victim stated that several days before trial he was shown "some pictures" at the prosecutor's office. No other information concerning the pre-trial identification was elicited from the witness and the remainder of the voir dire was concerned with the victim's recollection of the holdup man's appearance on the day of the robbery. Appellant's subsequent objection to the victim's in-court identification testimony was overruled by the trial court.

Appellant contends that the cases of *U.S.* v. *Wade* (1967), 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149, and *Gilbert* v. *California* (1967), 388 U. S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178, hold that any post-indictment identification procedure is a "critical stage" of the criminal process and hence appellant here was entitled to have his counsel present at the photographic display conducted several days before trial. The U.S. Supreme Court recently confronted this very issue, however, and specifically decided that the Sixth Amendment does not extend the right to counsel to a post-indictment photographic display. *U.S.* v. *Ash* (1973), 93 S. Ct. 2568. See also *Sawyer* v. *State* (1973), 260 Ind. 597, 298 N. E. 2d 440. Under these decisions therefore appellant's contention is without merit.

Neither can appellant rely on a due process claim that the pre-trial photographic display was conducted in such an impermissibly suggestive manner as to give rise to a substantial likelihood of mis-identification at trial. *Simmons* v. *U.S.* (1968), 390 U.S. 377, 88 S. Ct. 967, 19 L. Ed. 2d 1247; *Sawyer* v. *State, supra.* In his voir dire of the victim, appellant established only that a display was held but did not attempt to establish under what conditions it was held or in what way, if any, it was suggestive. The suggestiveness of the display is the initial and essential question to be resolved. Since we have no way of knowing whether the display was conducted in a suggestive manner we cannot decide if there is any likelihood that the victim's in-court identification was a result of a possibly suggestive display rather than the confrontation at the time of the robbery.

The decision of the trial court is therefore affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 300 N. E. 2d 652.