LONNIE PARSLEY *v.* STATE OF INDIANA.

[No. 775S169. Filed September 14, 1976.]

*Harriette Bailey Conn*, Public Defender of Indiana, *Darrell F. Ellis*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Walter F. Lockhart*, Deputy Attorney General, for appellee.

PRENTICE, J.—This is an appeal from the denial of post conviction relief. The petitioner was convicted of inflicting injury in the commission of a robbery and was sentenced to life imprisonment. His conviction was affirmed by this Court on direct appeal. *Parsley* v. *State*, (1973) 261 Ind. 106, 300 N.E.2d 652.

The primary issues presented by the post conviction petition were (1) a claim that the petitioner was insane both at the time of the crime and at the time of trial, and (2) that he should have been discharged under Ind. R. Crim. P. 4(A). Additionally, the competence of both trial and appellate counsel, of necessity, has been put into issue. As the outcome of the competence issues may determine the reviewability of the primary issues, we shall first examine the record pertinent to those claims.

*Competence of Trial Counsel:*

We agree with the petitioner's position that mere perfunctory action by an attorney assuming to represent one accused of crime cannot be tolerated. *Castro* v. *State*, (1925) 196 Ind. 385, 391, 147 N.E.2d 321, 323. However, the evidence before the court at the post conviction hearing disclosed much more than mere perfunctory representation. The thrust of the petitioner's argument in this regard is that it was incompetence and ineffective representation for the trial counsel not to have interposed an insanity plea. The evidence discloses, however, that the petitioner and his attorney had an effective attorney-client relationship for several months prior to the trial, during which time the case was assessed and a trial strategy adopted, essentially at the petitioner's direction.

Initially, the attorney had misgivings about the petitioner's competence to stand trial, because he had first agreed to a plea bargain and later changed his mind, had objected to the appointment of a particular attorney to represent him, was a little slow of mental reaction and related a history of alcoholism. Because of these indicators, he petitioned for a psychiatric examination to determine the petitioner's competence to stand trial. The petition was granted, and the petitioner was examined by two psychiatrists, who reported that he was competent to stand trial.

Thereafter, the attorney proceeded to put together a defense. From the previously mentioned psychiatric reports came a suggestion that, by reason of the petitioner's alcoholic state, he may not have been able to form the requisite specific intent to commit the crime charged, and this was discussed with the petitioner, along with the advisability of an insanity plea. The petitioner announced that he would not want to go to a mental institution and instructed the attorney to proceed on the absence of intent theory.

The record is replete with other evidence of competent and proper representation, including a successful petition for a trial separate from the trial of the petitioner's co-defendant, an unsuccessful petition for a change of judge and a journey to distant parts of the state to interview the petitioner's family and friends.

It is apparent that insanity would have been a reasonable defense plea. In retrospect, it might even have been better than the strategy utilized. Such decisions must be made prospectively, however; and for that reason "hindsight" is not a proper perspective from which to assess professional competence. *Beck* v. *State,* (1974) 261 Ind. 616, 308 N.E.2d 697. That another attorney might have conducted the defense differently would be competent evidence upon an issue of incompetence and ineffective representation. But standing alone, it does not preponderate in favor of a finding of incompetence. *Beck* v. *State, supra.*

*Competence of Appellate Counsel:*

Under this assignment, the petitioner charges that there should have been a determination of professional incompetence as to his appellate counsel in that he failed to assign the court's ruling upon a motion for discharge as reversible error. A review of the record discloses several valid reasons why the motion was properly denied. Even assuming the truth of the petitioner's factual allegations, other waivers and delays appear to have been chargeable to him. It would serve no useful purpose to relate all of the occurrences transpiring between the original date of detention and the date of the motion to discharge, and we will not expound upon them but will make a proper disposition of the issue in the manner most convenient to the Court.

There were a number of motions for continuance interposed by the petitioner's first attorneys of record. Several different attorneys appeared for the petitioner after his initial detention and subsequently withdrew their representation. The petitioner acknowledges the motions filed by the first attorneys, but in avoidance of their consequences asserted in his motion for discharge and in the subsequent post conviction motion that they were not chargeable to him because such attorneys were not authorized to represent him. Assuming that the petitioner would have been entitled to a discharge but for the delays occasioned by attorneys not authorized, an assumption which we think the record does not support, the matter was, nevertheless, not subject to review upon appeal, because the record does not include a bill of exceptions containing the evidence introduced at the hearing upon the motion. Rather, the record discloses only the filing of the motion, which is set out in full, and that testimony was heard from the petitioner in support of the motion and from one of the attorneys whom he charged was representing him without authorization. Had appellate counsel raised the issue, the reviewing tribunal would have been powerless to reach it but could only have assumed the testimony given at

the hearing failed to overcome the prima facie evidence of authority inherent in the attorney's appearance. *State ex rel. Koch* v. *Vanderburgh Circuit Court,* (1965) 246 Ind. 139, 203 N.E.2d 525; *Anthony* v. *Dickey,* (1947) 225 Ind. 502, 76 N.E.2d 253. Had the trial judge in fact erred in his ruling upon the motion, it would have been subject to a sufficiency review as are other issues of fact. Without a bill containing the evidence, however, there was nothing to present for review. *Turner* v. *State,* (1972) 259 Ind. 344, 287 N.E.2d 339; *Stephens* v. *State,* (1973) 260 Ind. 326, 295 N.E.2d 622; *Cooper* v. *State,* (1972) 259 Ind. 107, 284 N.E.2d 799.

Petitioner argues that his competence to stand trial was not properly determined pursuant to Ind. Code 35-5-3.1-1. However, we have previously held that it is not required that the court hold a hearing but that the right to such a hearing is dependent upon the presence of reasonable cause to suspect that the defendant is incompetent to stand trial and that in view of the examining physicians' report of competence, a hearing was not required. *Brown* v. *State,* (1976) 264 Ind. 484, 346 N.E.2d 559; *Cook* v. *State,* (1972) 258 Ind. 667, 284 N.E.2d 81. Of course, if the court has doubts, notwithstanding the physicians' reports, he would be at liberty to proceed to a hearing.

*Claim of Insanity:*

As previously mentioned, the petitioner was psychologically examined to determine his competency to stand trial, and the examining psychiatrists reported to the court that he was competent. Although there was some evidence at the post conviction hearing supportive of the defendant's contention that he was not competent to stand trial, in the face of all of the circumstances and evidence in the case and particularly the report of the examining psychiatrists, we cannot say that the supportive evidence was without conflict and led unerringly to a result not reached by the trial judge. *Byassee* v. *State,* (1968) 251 Ind. 114, 239 N.E.2d 586; *Weaver* v. *State,* (1962) 243 Ind. 560, 187 N.E.2d 485; *Bowens* v. *State,* (1952) 231 Ind. 559, 109 N.E.2d 91.

In view of the petitioner's competence to stand trial and the competence of his trial counsel, we hold that there was a valid waiver of the defense of insanity. We said in *Evans* v. *State*, (1973) 261 Ind. 148 at 158, 300 N.E.2d 882, 887, "In that case there is no reason why such a defendant cannot be held to be capable of waiving defenses on the same basis as any other competent defendant, and should be held to the usual standards in regard to possible waivers. There is no legal reason why, in the case of a competent defendant, the defense of insanity should be viewed as a non-waivable defense."

We find no error, and the judgment of the trial court is affirmed.

Givan, C.J. and Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 354 N.E.2d 185.