Lonnie PARSLEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 579S123.

Supreme Court of Indiana.

March 31, 1980.

Harriette Bailey Conn, Public Defender, Robert H. Hendren, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Gregory Alan Clark, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a denial of post-conviction relief. Petitioner was convicted of inflicting injury in the commission of a robbery and was sentenced to life imprisonment. His conviction was affirmed by this Court on direct appeal. *Parsley v. State,* (1973) 261 Ind. 106, 300 N.E.2d 652. The denial of a first petition for post-conviction relief was affirmed in *Parsley v. State,* (1976) 265 Ind. 297, 354 N.E.2d 185. This present post-conviction petition lays claim to the right to be re-sentenced under new provisions of the penal code.

At the time of the robbery of Maloley's Supermarket in Fort Wayne by appellant and others on September 17, 1970, the crime of inflicting injury in the course of a robbery was punishable by life imprisonment if the injury was inflicted with a firearm, bludgeon, or other deadly or dangerous weapon or instrument. Ind.Code § 35–13–4–6 (repealed). Such statute was also in effect when appellant was sentenced. Subsequently, effective October 1, 1977, the new code replaced that crime with the crime of robbery which results in bodily injury, a class A felony, punishable by a sentence of up to fifty years. Ind.Code § 35–50–2–4.

The Act which repealed the statute pursuant to which appellant was sentenced to life imprisonment carries a savings clause which provides:

"(a) Neither this act nor Acts 1976, P.L. 148 affects:

(1) rights or liabilities accrued;

(2) penalties incurred; or

(3) proceedings begun;

before October 1, 1977. Those rights, liabilities, and proceedings are continued, and penalties shall be imposed and enforced as if this act and Acts 1976, P.L. 148 had not been enacted.

(b) An offense committed before October 1, 1977, under a law repealed by Acts 1976, P.L. 148 shall be prosecuted and remains punishable under the repealed law.

(c) Notwithstanding subsections (a) and (b) of this SECTION, a defense available under IC 35–41–3 is available to any defendant tried or retried after September 30, 1977." Acts 1977, P.L. 340, § 150.

This provision governs the issue of whether or not appellant is entitled to be re-sentenced. *Lynk v. State,* (1979) Ind., 393 N.E.2d 751. It is not uncertain or ambiguous, and therefore, it does not require construction or interpretation. Consequently, we are under a duty to enforce it according to its obvious meaning. *Eads v. J. & J. Sales Corp.,* (1971) 257 Ind. 485, 275 N.E.2d 802.

By its express statements the sentencing provisions under which appellant was given a life sentence survive the October 1, 1977 repeal and remain applicable to all offenses of inflicting an injury in the course of a robbery, including the one perpetrated by appellant, occurring prior to October 1, 1977. *Henson v. State,* (1979) Ind., 392 N.E.2d 478. Appellant's claim for re-sentencing is also unsupportable as his sentence was given prior to October 1, 1977. *Watford v. State,* (1979) Ind., 384 N.E.2d 1030.

Appellant contends that Art. 1, § 18, which provides that "[t]he penal code shall be founded on the principles of reformation, and not of vindictive justice" mandates that he be re-sentenced in accordance with the new statute. When the Legislature decided in enacting the new criminal code that the penalties for some crimes should be modified or reduced, it chose to decide the question of when and under what circumstances the new penalties shall be given. Its decision to meet this issue must be regarded as highly appropriate. Appellant is, of course, correct in asserting that in doing so, the Legislature was bound to act in accordance with Art. 1, § 18, of the

Indiana Constitution. In making this decision the Legislature relied heavily upon the broad, general and long-standing rule of law that the law in effect at the time a crime is committed should ·be controlling. *Watford v. State, supra.* The time of a crime is selected as an act of the free will by the offender. Penal consequences are frozen as of that event. Alteration of them through subsequent events, both the uncontrollable and the manipulable, by the offender or the State, is foreclosed. The rule has decided marks of neutrality and fairness. Its use by the Legislature for this purpose cannot be fairly characterized as rendering the penal code without reformative purpose. *Vicory v. State*, 400 N.E.2d 1380 (Ind.1980).

Upon the foregoing bases, the denial of post-conviction relief is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.