**Robert BEARDSLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–01294–CR.**

Court of Appeals of Texas,
Dallas.

July 26, 1985.

Rehearing Denied Aug. 15, 1985.

Bill Roberts, Dallas, for appellant.

Don Davis, Bruce Isaacks, Dallas, for appellee.

Before CARVER, GUILLOT and DEVANY, JJ.

CARVER, Justice.

Robert Beardsley appeals his conviction by a jury of third-degree felony theft. The court assessed punishment at five years imprisonment. Beardsley brings two grounds of error, asserting that: (1) testimony offered to show Beardsley's state of mind was improperly excluded; and (2) the evidence was insufficient to support a verdict of guilty. We agree that the evidence was insufficient. Accordingly, we reverse the trial court's judgment and enter a judgment of acquittal.

Because Beardsley challenges the sufficiency of the evidence, we will set forth the facts in detail. Beardsley and a companion, James Montgomery, were arrested on May 4, 1984 at a service station in Concordia, Missouri. Montgomery was driving and Beardsley was a passenger in a red 1984 Chevrolet. The owner of the service station had called the police when Montgomery was unable to pay for the gas he had pumped into the car. Lloyd Barker, the police officer answering the call, discovered that the car was stolen from Holiday Payless Rent-a-Car in Dallas after he ran a check on the car's vehicle identification number. Beardsley gave two false names and stated that he did not know the car was stolen. He claimed that he was "just a

hitchhiker." Nevertheless, Officer Barker arrested Beardsley. Montgomery, who had left the service station to try to sell a camera to get money to pay for the gas, was arrested after Officer Barker found him hiding nearby.

The State introduced evidence at trial which showed that Delmus Kelley originally rented the car on March 14, 1984 from Holiday Payless for Beardsley's use in a job that Kelley had helped him obtain. Beardsley was to return the car one week later. He did not do so, and Kelley was unable to locate either Beardsley or the car. The car suddenly appeared back in Holiday Payless' lot about three weeks later on April 4, with the keys in the front seat. It had been driven 7,532 miles. Kelley paid the $1,200.00 bill and was never reimbursed by Beardsley.

On April 21, the car was stolen from the Holiday Payless lot. It was not recovered until Beardsley and Montgomery were arrested on May 4 at the service station in Missouri. The car's Texas license plates were found in the trunk. A Mississippi license plate registered to Sandra Long had been affixed to the rear of the car. The car also bore a Mississippi inspection sticker. Montgomery was operating the car with a set of duplicate keys. Holiday Payless' owner testified that its cars were rented only with the original manufacturer's keys. In the trunk of the car, Officer Barker found a suitcase containing a plastic card bearing Beardsley's name.

Beardsley offered testimony through Sandra Long that he had been a guest at her home in Fulton, Mississippi from March 23 until May 2. Long was a nurse, and Beardsley had asked her for medical treatment because he was ill. She stated that he arrived in the red Chevrolet accompanied by Montgomery. Montgomery stayed for only two days, then drove off in the car leaving Beardsley with Long. According to Long's testimony, Montgomery returned on May 2 in the same red Chevrolet, and he and Beardsley left the Long residence together. They were arrested two days later.

We first address the sufficiency of the evidence. The standard to be applied in a case based upon circumstantial evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim. App.1983) (opinion on rehearing). All of the evidence is viewed in the light most favorable to the jury's verdict. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim. App.1981).

The elements of theft of property under Tex.Penal Code Ann. § 31.03 (Vernon Supp.1985) are: (1) unlawful appropriation of the property; and (2) with intent to deprive the owner of the property. "Appropriate" is defined in relevant part in Tex.Penal Code Ann. § 31.01(5)(B) as "to acquire or otherwise exercise control over property other than real property." Section 31.03(b) provides that "appropriation" is "unlawful" if it is without the owner's effective consent, or if the property is stolen and the actor appropriates the property knowing it was stolen by another.

Thus, we must determine whether a rational jury could have found beyond a reasonable doubt that Beardsley: (1) acquired or exercised control over the car; (2) without the owner's effective consent; and (3) with intent to deprive the owner of the property. The jury was also charged on the law of parties, so that it could have reached its verdict by finding beyond a reasonable doubt that Montgomery committed each element of the offense and that Beardsley, "acting with intent to promote or assist the commission of the offense, ... solicit[ed], encourage[ed], directed[ed], aid[ed], or attempt[ed] to aid" Montgomery in committing the offense. Tex.Penal Code Ann. § 7.02 (Vernon 1974).

There is no evidence to place Beardsley at the scene of the theft on April 21. In fact, the only evidence is to the contrary: that Beardsley was a guest of Sandra Long in Mississippi on that date. The Court of Criminal Appeals has recently

held, however, that participation in the initial acquisition of the property is not an essential element of theft under section 31.03. *McClain v. State*, 687 S.W.2d 350 (Tex.Crim.App.1985). The State must prove only: (1) exercise of control; (2) with intent to deprive the owner; and (3) the actor's knowledge that the exercise of control was without the owner's consent. *McClain*, 687 S.W.2d at 353 and 354.

■ Even in light of *McClain*, however, we hold that the evidence is insufficient for the jury to have found each element of the offense beyond a reasonable doubt. First, Beardsley's exercise of control over the car after it was stolen is not clearly established. The evidence indicates that only Montgomery could have possessed the car between April 21, the date of the theft, and May 2, the date Montgomery arrived at Long's. Montgomery picked up Beardsley and they traveled together until their arrest on May 4, but the only evidence concerning control of the car shows that Montgomery was driving at the time of the arrest. Beardsley, of course, could have been exercising control as a passenger by directing Montgomery's driving and route, but the record is devoid of any evidence to this effect.

There is little authority as to the meaning of "exercise of control." The Court of Criminal Appeals has held that the phrase should be given its "commonly understood" meaning. *Jackson v. State*, 571 S.W.2d 1, 2 (Tex.Crim.App.1978). The phrase was interpreted with reference to a car in *Barnes v. State*, 513 S.W.2d 850, 852 (Tex.Crim.App.1974), where the court held that the appellant had exercised control of a vehicle when he entered the car on the driver's side, started the motor, and had his hands on the steering wheel, even though he was apprehended before he actually moved the car. In *Mulchahey v. State*, 574 S.W.2d 112, 117 (Tex.Crim.App.1978), the court held that the appellant had exercised control over a number of stolen vehicles through a scheme in which he sold the cars to unsuspecting victims. The cars were in his possession before each sale, and he sold each car with falsified title papers showing that he was the true owner. In *Todd v. State*, 601 S.W.2d 718 (Tex.Crim.App.1980), the appellant was held to have exercised control over a stolen arc welder by towing it behind his truck.

■ In each of these cases, there was evidence that the appellant was more than a mere passenger in a car. Similarly, in the line of cases discussing the inference of guilt of theft from unexplained possession of recently stolen property, (absent other evidence of intent, *see Faggett v. State*, 673 S.W.2d 700, 701 (Tex.App.—Dallas 1984, no pet.)), mere possession is not enough. The possession "must be personal, recent, unexplained, and must involve a distinct and conscious assertion of right to the property by the defendant." *Patton v. State*, 617 S.W.2d 255, 258 (Tex.Crim.App.1981). In these cases, the appellant was, at a minimum, driving the car, *e.g., Hollins v. State*, 411 S.W.2d 366 (Tex.Crim.App.1967); removing parts from the engine; *e.g., Johnson v. State*, 476 S.W.2d 324 (Tex.Crim.App.1972); or attempting to sell the car, *e.g., Patton v. State*, 617 S.W.2d 255 (Tex.Crim.App.1981). It was held to be insufficient when stolen vehicles were found on appellant's property to which several persons had access, *e.g., Crain v. State*, 529 S.W.2d 774 (Tex.Crim.App.1975); and where appellant merely exercised joint control of the premises where stolen property was temporarily stored, *e.g., McKnight v. State*, 399 S.W.2d 552 (Tex.Crim.App.1966).

Here, there is insufficient evidence from which a rational trier of fact could find exercise of control beyond a reasonable doubt. The evidence that the license plate, inspection sticker, and key had been changed is not evidence that Beardsley exercised control over the car because there is no evidence linking him to the actual making of the changes, and the evidence supports an alternative hypothesis that Montgomery could have made the changes without Beardsley knowing of or having the opportunity to discover them.

The only other evidence of control was that Beardsley was a passenger in the car

for two days; his suitcase was in the trunk; drycleaning for which Beardsley had a receipt was in the back seat; and a credit card and receipt showed that Beardsley and Montgomery had bought gas together for the car. Even viewed in the light most favorable to the jury's verdict, this evidence is insufficient to support a finding that Beardsley unlawfully appropriated the car with intent to deprive the owner under Tex.Penal Code Ann. § 31.03 (Vernon Supp.1985).

Because the jury was also charged on the law of parties, we must next determine whether the evidence was sufficient for the jury to find beyond a reasonable doubt that Beardsley, with "intent to promote or assist the offense," solicited, encouraged, directed, aided or attempted to aid Montgomery in the commission of the offense. We may look at events occurring before, during, and after the offense to determine participation, and may rely on circumstantial evidence. *Wygal v. State*, 555 S.W.2d 465, 468–69 (Tex.Crim.App.1977).

■ Even if we assume that Beardsley had the necessary intent to promote or assist the theft of the car, the record is devoid of evidence that he actually did solicit, encourage, direct, aid or attempt to aid Montgomery in the theft. Beardsley was not present at the scene of the offense; he was present only at the time of arrest and was only a passenger in the car. Mere presence even at the scene of the *crime* is insufficient to prove that a person is a party to the crime. *Alexander v. State*, 607 S.W.2d 551, 553 (Tex.Crim.App.1980). Presence coupled with the giving of a false name, as Beardsley did here, has also been held insufficient. *Porter v. State*, 634 S.W.2d 846, 850 (Tex.Crim.App.1982).

Other Texas courts have held that the evidence was insufficient to prove that the appellant was a party to an offense in more compelling circumstances than those presented here. In *Morrison v. State*, 608 S.W.2d 233, 235 (Tex.Crim.App.1980), for example, the evidence was held insufficient to show that appellant was a party to a robbery even where he lived with the principal of the offense; he was with the principal before and after the offense; he possessed a large sum of money after the offense; and on arrest he possessed a gun and a $100 bill from the robbery. 608 S.W.2d at 234.

Similarly, in *Wygal v. State*, 555 S.W.2d 465 (Tex.Crim.App.1977), the evidence was held insufficient where there was no evidence to place appellant at the scene of the offense; the record was silent as to any common purpose or design; and the only acts by appellant shown in the record were that she picked up the principal after the theft and confirmed a false address given by him. The court held that the evidence was insufficient "to show that she acted with intent to promote or assist the commission of the offense, by soliciting, encouraging, directing, aiding or attempting to aid another person to commit the offense." 555 S.W.2d at 469. Significantly, the court held that this evidence did not even meet the "preponderance of evidence" standard for probation revocation, so that it clearly would be insufficient to prove participation beyond a reasonable doubt.

■ Here, there is insufficient evidence from which a jury could find beyond a reasonable doubt that Beardsley solicited, encouraged, directed, aided or attempted to aid Montgomery in the theft. The State failed to prove any acts on Beardsley's part except his riding in the car with the license plates, inspection sticker, and keys changed; his suitcase in the trunk; some drycleaning in the back seat, and a gasoline credit card in his wallet corresponding to a receipt in Montgomery's pocket. We hold that the evidence is insufficient to show that Beardsley was either a party or a principal in the theft of the car. Accordingly, we reverse the trial court's judgment of conviction and enter judgment of acquittal.