**James R. ANGLIN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 685S229.

Supreme Court of Indiana.

March 27, 1986.

William L. Soards, Soards & Carroll, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Burglary and Theft. The court imposed sentences of five (5) years and two (2) years respectively. The court then enhanced the Burglary sentence by thirty (30) years by virtue of an habitual offender finding.

The facts are: On the evening of March 31, 1984, John Moore closed the doors of his detached garage. During the early morning hours of April 1 appellant entered the garage. He took certain items from the garage including food from a freezer. He placed the stolen items in a large box and carried the box from the garage. As appellant carried the box through a nearby empty field, he attracted the attention of neighborhood dogs. The barking of the animals awoke some of the neighbors. Steve Throop, armed with a gun, investigated and found appellant lying on the ground behind the box. Throop ordered appellant to pick up the box and carry it to Throop's home, a distance of over one hundred yards. Meanwhile, Mrs. Throop called the police, who arrived at Throop's home and took appellant into custody. After appellant was read his *Miranda* rights, he

directed the police to Moore's home where the stolen merchandise was identified.

Appellant was again read his *Miranda* rights and a waiver was signed. Appellant then confessed to the police. Appellant filed a motion to suppress all evidence concerning the events which followed his arrest. The court denied the motion and appellant contends this was error. He maintains the events were not voluntary but rather the product of the ingestion of alcohol and drugs during March 31. He cites *Wells v. State* (1959), 239 Ind. 415, 158 N.E.2d 256 for the proposition a confession made by one who is so intoxicated at the time that he could not understand what he was saying is inadmissible.

■ While there was testimony that appellant's breath had a smell of alcohol and appellant testified as to his drinking and drug usage, the evidence does not support the conclusion *Wells* is applicable. Appellant carried a box weighing over fifty pounds a distance of over one hundred yards; his speech was not slurred; and he was able to direct the officers to the scene of the burglary. The officers testified they had investigated hundreds of drunken individuals. In their opinion appellant was not intoxicated that evening. We find the trial court did not err when it determined the actions of appellant that evening were voluntary.

■ Appellant contends the trial court erred when it refused his tendered Final Instruction No. 1 on the lesser included offense of criminal trespass. The State contends the issue is waived as the instruction was not signed as required by the statute in force at that time. *Hopper v. State* (1985), Ind., 475 N.E.2d 20 holds this failure does constitute waiver. The State is correct. We do note appellant's challenge would fail on the merits.

■ Criminal trespass is not an inherently included lesser offense of burglary. *Goodpaster v. State* (1980), 273 Ind. 170, 402 N.E.2d 1239; *Roddy v. State* (1979), 183 Ind.App. 156, 394 N.E.2d 1098. Appellant would be entitled to the instruction

only if criminal trespass were an included offense of burglary in this case. This requires an examination of the charging instrument and the factual basis for the allegation. *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208. The charging information does not allege the lesser offense of criminal trespass. Under the facts of the case, a burglary was completed. Thus criminal trespass is not included. The court did not err when it refused to give the instruction.

■ Appellant argues the trial court erred when it gave Final Instruction No. 19. The instruction indicated the jury could infer intent from the surrounding circumstances and there need not be a direct statement from the defendant as to his intent. Appellant maintains the instruction was confusing and misleading as it minimizes and glosses over the element of intent. We do not agree. Intent may be inferred and an instruction to that effect is not error. *Dilworth v. State* (1981), Ind., 425 N.E.2d 149.

■ Appellant maintains the trial court erred when it gave Final Instruction No. 28 at the conclusion of the evidentiary phase of the habitual offender portion of the trial. The instruction informed the jury that First Degree Burglary was a felony. Appellant asserts this instruction called undue attention and provided additional emphasis to the fact he had a prior conviction. We find no merit to this argument. It is the task of the jury, in this second phase of the trial, to determine whether prior felony convictions exist. The instruction provided the information necessary to permit the jury to complete its task. There was no error.

■ Appellant contends the trial court erred when it gave Final Instruction No. 32. The instruction informed the jury that a person sentenced under the Minor's Sentencing Act had a felony conviction. Appellant asserts the instruction improperly implied that the defendant had not been incarcerated or properly punished for an earlier felony. We find no support for this

conclusion. The language of the instruction is straightforward and does not create the inferences alleged by appellant. The instruction, like the one in the issue above, provides information to assist the jury in determining which convictions fit the criteria to support an habitual offender finding. There is no error.

■ Appellant argues the trial court erred when it instructed the jury prior to the onset of the habitual offender phase that the third "count", that of being an habitual offender, was then before the court. He maintains this was an erroneous instruction. His argument is premised on several decisions of this Court which have indicated that an habitual offender allegation is not a separate charge or count but rather a status permitting an enhancement of an instant sentence. He maintains the instruction inferred to the jury that a new and separate crime had been committed.

We find no reversible error in the use of the term "count". Appellant has confused the essence of those prior cases and the label attached to the process. We do not believe the jury was misled into believing appellant stood accused of a new or different crime. We find no reversible error in the use of the term "count" in this context.

Appellant argues there was insufficient evidence to support the conviction. Specifically, he contends there was no direct evidence of a breaking into the garage and the State failed to demonstrate his intent to commit the crimes.

This Court neither reweighs the evidence nor judges the credibility of the witnesses. *Didio v. State* (1984), Ind., 471 N.E.2d 1117.

■ In the case at bar the owner of the garage testified he was sure the doors of the garage were secured that evening. Appellant testified at trial he did not remember the events of the evening; however, at a pretrial hearing he testified a door was open. The statement made at the pretrial hearing was not before the jury. From the evidence the jury could infer from the circumstantial evidence that a breaking did occur.

■ Appellant maintains evidence of his drinking and his drug use that evening negated the State's evidence concerning his intent to commit burglary and theft. We do not agree. The evidence does suggest appellant was drinking that evening; however, as discussed earlier in this opinion, that evidence is not sufficient to establish appellant did not have the capacity to formulate the intent to commit the crimes charged. *See Zachary v. State* (1984), Ind., 469 N.E.2d 744 and *Terry v. State* (1984), Ind., 465 N.E.2d 1085.

■ Lastly, appellant contends the trial court erred when it admitted State's Exhibit No. 11, a photocopy of the commitment order for one of the prior felony convictions supporting the habitual offender allegation. Certain nonessential portions of the photocopy had been blacked out. There were no initials or markings to indicate who was responsible for the alterations or when they occurred. Appellant maintains the document is inadmissible absent the name of the person making the alterations and a statement of the purpose of the change. He cites *U.S. v. Richardson* (7th Cir.1977), 562 F.2d 476 for support. He argues the markings had the effect of creating doubt and suspicion in the minds of the jurors.

We find the trial court did not err when it admitted the document. *Richardson* does not support appellant's position. The document in question was not altered in any section which was critical to the jury accomplishing its duty. The unaltered portions of the commitment indicate: the name of the trial court and judge, the date of the sentencing, the crime for which the sentence was imposed, and the penalty assessed. We find these adequate to admit the document.

The trial court is in all things affirmed.

DeBRULER, PIVARNIK and DICKSON, JJ., concur.

SHEPARD, J., concurs in result.