**Trenee L. IRVIN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee.**

**No. 49A02–8603–CR–110.**

Court of Appeals of Indiana, Second District.

Dec. 31, 1986.

---

Michael R. Fisher, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Randell, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Defendant Trenee Irvin (Irvin) appeals her conviction of criminal conversion, a class A misdemeanor. We reverse.

The facts most favorable to the State are as follows: On the evening of July 30, 1985, Irvin was a passenger in a 1981 Buick. Her boyfriend was the driver of the car, which had been stolen sometime between 7:30 A.M. and 5:30 P.M. of the same day. The Buick was proceeding west on 42nd Street at approximately 11:42 P.M. when it passed an eastbound police car. The police officers realized that the Buick had been reported stolen and made a U-turn to follow it. The Buick turned north on College Avenue. When the police car reached College Avenue, the officers observed that the Buick had been parked between two cars and that the license plate was thereby hidden from view. Irvin and her boyfriend exited the Buick at which time the officers turned on the lights of the police car and told them to return to the car.

Irvin was charged with the crime of theft, a class D felony. She was convicted under I.C. 35–43–4–3 (Burns Code Ed. Repl. 1985) of criminal conversion as a lesser included offense of the crime charged. Indiana Code 35–43–4–3 provides as follows:

> "A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a class A misdemeanor."

Irvin challenges the sufficiency of the evidence supporting her conviction. Specifically, Irvin argues that there was no evidence that she exerted control over the vehicle. In this context, the question presented is whether an individual's mere presence as a passenger in a stolen automobile constitutes an exertion of control over the automobile so as to support a conviction for criminal conversion. We hold that it does not.

This is a question of first impression in Indiana.[1] Additionally, in the context be-

---

1. The issue was before the Supreme Court in *McClintock v. State* (1969) 253 Ind. 333, 253 N.E.2d 233. In *McClintock,* the defendant, a juvenile, was adjudged a delinquent based upon her presence as a passenger in a stolen vehicle. Defense counsel argued in the trial court that, " 'There was no evidence offered to show that the Juvenile herein had taken the automobile from Marion County; that she was present at the time said automobile was stolen; that she was ever in possession of said automobile; that she ever had control of said automobile; that she in any way participated in the alleged crime which allegedly occurred in Marion County, Indiana or participated in any alleged crime or act which if committed by an adult would be a crime in Hamilton County, Indiana.' " *Id.* at 236.

fore us, there is very little Indiana authority as to the precise meaning of "exerts control."[2] In the absence of persuasive Indiana authority, we choose to look for guidance to other jurisdictions which have addressed the question. Our research has disclosed two factually similar cases.

In *In re Dulaney* (1985) 74 N.C.App. 587, 328 S.E.2d 904, the defendant was a juvenile who accompanied her friends on a trip to Florida. En route, the defendant discovered that the van in which she was traveling was stolen. The trial court adjudged the defendant a delinquent based upon its finding that the defendant had committed the felony of possession of stolen property. In reversing, the Court of Appeals of North Carolina held that there was insufficient evidence that the defendant had control of the vehicle.

"[W]e find the evidence insufficient to withstand the motions to dismiss. It tended to show that the juvenile was a passenger in the stolen vehicle and that at some point while en route to South Mills she learned that the vehicle was stolen. No evidence in any way links her to the theft or tends to show that she had control or could have exercised control over the vehicle. She merely accepted a ride to Florida with friends without knowing or having reasonable grounds to believe that the travel would be by stolen vehicle. Her subsequent acquisition of knowledge that the vehicle was stolen did not suffice to give her actual or constructive possession of it. No evi-

dence suggests any dominion or control on her part." *Id.* at 906.

The Court of Appeals of Texas reached a similar result in *Beardsley v. State* (1985) Tex.App., 696 S.W.2d 214 (Pet. for Discretionary Review Granted). In *Beardsley,* the defendant was a passenger in a stolen car driven by Montgomery. Before it was stolen, the car had been used by the defendant in the course of his employment. The court of appeals reversed the defendant's conviction of third-degree felony theft.

"Here, there is insufficient evidence from which a rational trier of fact could find exercise of control beyond a reasonable doubt. The evidence that the license plate, inspection sticker, and key had been changed is not evidence that Beardsley exercised control over the car because there is no evidence linking him to the actual making of the changes, and the evidence supports an alternative hypothesis that Montgomery could have made the changes without Beardsley knowing of or having the opportunity to discover them.

The only other evidence of control was that Beardsley was a passenger in the car for two days; his suitcase was in the trunk; drycleaning for which Beardsley had a receipt was in the back seat; and a credit card and receipt showed that Beardsley and Montgomery had bought gas together for the car. Even viewed in the light most favorable to the jury's verdict, this evidence is insufficient to support a finding that Beardsley unlaw-

---

However, the court reversed the trial court upon constitutional grounds without addressing the defendant's argument regarding control.

The question whether a passenger may exert control over an automobile was also present in *Correll v. State* (1985) Ind., 486 N.E.2d 497. However, in *Correll* the passenger's control of the automobile was not premised solely upon his presence therein. "At gunpoint [the defendant] forced Kellam to drive him over 100 miles in her car. Clearly he exerted control over her property...." *Id.* at 500. In this case, the State's argument that Irvin exerted control over the automobile is based solely upon her presence as a passenger in the automobile.

**2.** Indiana Code 35–43–4–1(a) states that "'[E]xert control over property' means to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber or possess property, or to secure, transfer, or extend a right to property." However, this statutory definition is of little help in the case before us. There is absolutely no evidence that Irvin obtained, took, carried, drove, lead away, concealed, abandoned, sold, conveyed, or encumbered the automobile. She may have possessed the car, but possession of a thing means having it under one's control. *Williams v. State* (1969) 253 Ind. 316, 253 N.E.2d 242. Thus, pursuit of the statutory definition leads us back to our starting point.

fully appropriated the car with intent to deprive the owner under Tex. Penal Code Ann. § 31.03 (Vernon Supp.1985)." *Id.* at 216–217.

 We find the rationale applied by the courts in these cases to be persuasive. The State was required to produce substantial evidence of probative value on each element of the offense. *Taylor v. State* (1979) 2d Dist. 181 Ind.App. 392, 391 N.E.2d 1182. In this case, the State produced no evidence that Irvin exerted control over the automobile. An automobile in the most obvious sense is under the control of the driver. There was no evidence that Irvin ever drove the vehicle, nor was there evidence Irvin had any type of control over the driver of the vehicle. *Cf. Correll v. State* (1985) Ind., 486 N.E.2d 497 (Defendant was found to have exerted control over car in which he was passenger by forcing driver at gunpoint to follow his directions).

 The State argues that the fact that the defendant occupied space in the car satisfies the requirement of control for the purposes of the criminal conversion statute. The State concedes that this is, at best, "minimal control," but argues that it is this lesser degree of control which distinguishes criminal conversion from theft. However, there is no support for the State's argument in the plain language of the statutes or the case law. The degree of control required for both criminal conversion and theft is the knowing or intentional exertion of unauthorized control. The sole distinction between the two offenses is that to support a conviction for theft, the exertion of unauthorized control must be done "with intent to deprive the other person of any part of [the property's] value or use...." I.C. 35–43–4–2 (Burns Code Ed. Repl.1985). *See Moser v. State* (1982) 2d Dist. Ind.App., 433 N.E.2d 68; *Midland-Guardian Co. v. United Consumers Club, Inc.* (1986) 3d Dist. Ind.App., 499 N.E.2d 792. Thus, the difference between the two offenses is to be found by looking to the mens rea required for each, not to the degree of control required.[3] In this case, if the degree of control exerted by Irvin was insufficient to support a conviction for theft, as the State apparently concedes, it was insufficient to support a conviction for criminal conversion.

Because we find that the State failed to prove Irvin exerted unauthorized control over the automobile, we do not address Irvin's alternative argument that the State failed to prove she knew the automobile was stolen.

The judgment of the trial court is reversed.

BUCHANAN, C.J. and SHIELDS, J., concur.

---

**3.** We are unable to envision a situation in which an individual could knowingly exert unauthorized control over property of another without intending, at least implicitly, to deprive the other person of the property's value or use. Thus, while from a strictly legalistic or semantic standpoint there is a difference in the mens rea required for the offenses, from a practical standpoint the offenses appear to be one and the same.