Richard A. **WOJTOWICZ,**
**Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 45A03–8611–CR–324.

Court of Appeals of Indiana,
Third District.

July 13, 1987.

Rehearings Denied Aug. 11,
Sept. 11, 1987.

Stephen Bower, Cohen & Thiros, Merrillville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Richard A. Wojtowicz appeals from his convictions of four counts of theft and one count of corrupt business influence after a jury trial in Lake County Superior Court.

The evidence presented at trial revealed that four cars, a 1979 Cadillac, a 1981 Oldsmobile, a 1965 Corvette, and a 1979 Pontiac, were sold by Richard Wojtowicz during a time period spanning from June 25, 1980 to July 19, 1982. All four cars were later discovered to have been stolen and the public vehicle identification numbers for all four cars had been either tampered with or removed. The State presented evidence at trial that Wojtowicz was aware that the cars were stolen. This evidence included records that revealed that · purchases of wrecked "salvage" cars of similar models and years of the stolen cars were made in the names of either Wojtowicz's business associates or ficticious people using the address of Wojtowicz's auto body business in Gary. These purchases were apparently made for the purpose of "retagging" the stolen cars with the salvage cars' public identification numbers. This evidence also included testimony that, after the Indiana State Police started its investigation in this case, Wojtowicz told the buyer of the 1965 Corvette that the car may have been stolen. The State also presented evidence that the cars sold by Wojtowicz were not titled in his name and that Wojtowicz had actively participated in the falsification of car titles.

In his defense, Wojtowicz testified that he was not aware that the cars were stolen. Wojtowicz testified that his role in the sale of these cars was that of a middle man for one Leo "Rollie" Singer and that, after repainting and selling the cars, he received a set fee from Singer who kept the bulk of the proceeds from the sale of the cars. Singer's whereabouts were unknown at the time of the trial. Also testifying in Wojtowicz's defense was Franceen Scegiel, a

former secretary to Singer, who stated that although she was involved in the process of obtaining titles for cars later sold by Singer, she too was never aware that the cars were stolen. Several people who had purchased cars and car parts from Wojtowicz testified that they did not have problems with these cars or parts having been stolen and two of the purchasers of the stolen cars testified that they had no such problems in other dealings with Wojtowicz.

Wojtowicz presents several issues for review, only one of which need be addressed here:

whether the trial court erred in refusing Wojtowicz's proposed instruction to the jury regarding the offense of conversion, a lesser included offense of theft.

Wojtowicz's proposed instruction reads as follows:

"The crime of Criminal Conversion is a lesser included crime of Theft.

The crime of Criminal Conversion is defined by statute as follows:

The Defendant

1. knowingly or intentionally

2. exerted unauthorized control

3. over property of another person

If the State has failed to prove the Defendant guilty beyond a reasonable doubt of the crime of Theft as alleged in Counts One (I) through Four (IV) you may then consider whether or not the Defendant has committed the lesser included offense of Conversion in each of said Counts.

If the State failed to prove that the Defendant committed the lesser included offense of Conversion in those Counts in which the lesser included offense of Conversion is considered, you should find the Defendant not guilty.

If the State did prove each of these elements beyond a reasonable doubt you should find the Defendant guilty of Criminal Conversion, a Class A misdemeanor."

In its brief of appellee, the State argues that the trial court's refusal of Wojtowicz's tendered instruction on the lesser included offense of conversion was not in error, citing the general rule that where evidence does not support the giving of an instruction on a lesser included offense, it is not necessary for the trial court to give such an instruction. *See, Turner v. State* (1987), Ind., 506 N.E.2d 827. The Supreme Court of Indiana articulated the standard for determining when a criminal defendant is entitled to have the jury instructed on a lesser included offense in *Jones v. State* (1982), Ind., 438 N.E.2d 972, 975:

"Of course, the fact that a lesser offense is 'included'' within the crime charged, as allegedly committed in the charging instrument, does not *ipso facto* entitle either the state or the defendant to an instruction on the lesser and included offense.... [I]t must also be determined whether the evidence warrants submission of the instruction to the jury."

The Supreme Court in *Jones* found that this examination of the evidence, should focus on two questions: one, whether there was probative evidence that the lesser included offense was committed by the defendant and two, whether either affirmative evidence that the charged offense was not committed or a lack of probative evidence that the charged offense was committed was presented to the jury. 438 N.E.2d at 976. If this examination reveals both evidence supporting the lesser included offense conviction and questioning the commission of the charged offense, an instruction on the lesser included offense is proper.

The *Jones* standard has been strictly interpreted by the Supreme Court. In *Jones,* the Court concluded that since the defense theory was incompatible with the possibility that the lesser included offense was committed by the defendant, Jones was not entitled to instruction on the lesser included offense. 438 N.E.2d at 977. In *Maisonet v. State* (1983), Ind., 448 N.E.2d 1052, 1055, the Court concluded that when substantial uncontested evidence was presented as to the defendant's intentional actions in an alleged theft, no error resulted in the trial court's refusal to give a tendered instruction on conversion.

■ In this case, however, Wojtowicz did present evidence that supported the lesser included offense instruction on conversion and negated at least one of the necessary elements for a conviction of theft. Wojtowicz's entire defense, supported by his testimony, the testimony of another person involved in the sale of the cars who did not know that the cars were stolen, and the testimony regarding his other honest dealings with the sale of cars and car parts, was that he was unaware of the cars' stolen character and thus was incapable of forming an intent to deprive the legitimate owners of the use of their cars. This intent to deprive is the element of the crime of theft that is not present in the crime of conversion and is thus the distinguishing characteristic between the two offenses. *See*, IND. CODE §§ 35–43–4–2 (1985 Supp.) and 35–43–4–3 (1982). Though the circumstantial evidence of Wojtowicz's intent to deprive presented by the State was sufficient to sustain the jury's guilty verdicts on the four theft counts, *see, Anderson v. State* (1980), Ind.App., 406 N.E.2d 351, 353, Wojtowicz was entitled to have the jury instructed on the lesser included offense of conversion because the evidence produced at trial could also have supported guilty verdicts for conversion only. The logic behind this rule is clear: when deciding what instructions to submit to the jury, it is not the place of the judge to evaluate the credibility of the evidence presented in a defendant's behalf; rather, it is the jury who should have the option of finding that the defendant was guilty only of a lesser crime if the presented evidence could support such a finding.

■ Since Wojtowicz was improperly denied an instruction on the lesser included offense of conversion, the convictions of four counts of theft are reversed. However, as already noted above, the evidence was sufficient to establish that Wojtowicz engaged in the four incidents of theft. As it is not necessary for convictions of the predicate offenses to be had in order to sustain a conviction for corrupt business influence under IND. CODE § 35–45–6–2 (1982), *see, 4447 Corp. v. Goldsmith* (1987), Ind., 504 N.E.2d 559, 566, these incidents of theft set out by the evidence were sufficient to establish the "pattern of racketeering activity" which is a necessary element of the crime of corrupt business influence. *See*, IND. CODE §§ 35–45–6–1 (1985 Supp.) and 35–45–6–2. Accordingly, the conviction of corrupt business influence is affirmed even as the convictions of theft are reversed.

Reversed in part and affirmed in part.

STATON, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

I concur in the affirmance of the conviction for corrupt business influence for the reasons set forth by the majority. I also concur with respect to the reversal of the four theft convictions but feel some comment is not inappropriate.

Although the reversal is premised solely upon the refusal to give an instruction concerning criminal conversion, the sufficiency of evidence argument made by Wojtowicz is worthy of notice.

The theft in this case does not depend upon the inference which might be drawn from unexplained possession of recently stolen property. Quite clearly the four vehicles were not shown to be recently stolen in relation to the possession and control acquired by Wojtowicz. The theft in this instance is supported by the evidence which discloses that the defendant exercised control under circumstances which demonstrated that he knew the control was not authorized and under circumstances which reflected an intent to deprive the rightful owners of the value or use of the cars. That the facts may have also demonstrated that defendant was guilty of the separate and distinct crime of receiving stolen property does not detract from the validity of a conviction under I.C. 35–43–4–2(a) (Burns Code Ed. Supp.1986).

As to the conversion instruction, I have not retreated from the position stated in *Irvin v. State* (1986) 2d Dist.Ind.App., 501 N.E.2d 1139, to the effect that "from a practical standpoint the offenses [of theft

and conversion] appear to be one and the same." *Id.* at 1142.[1] Nevertheless, our precedent continues to draw a distinction between the two with respect to mens rea. For this reason I am constrained to agree with the majority that defendant was entitled to an instruction on criminal conversion.

In all other respects I fully agree with the majority opinion.

---

**1.** The predecessor statutes contained an indication of legislative intent to clearly delineate the respective elements of the offenses. Nevertheless, Professor Kerr in his Forward to the Survey of Recent Developments in Indiana Law, 10 Ind.L.Rev. 1, 24 (1976), informatively observed:

"At the same time, the new offense of conversion should be reconsidered because it does not appear to be any different from the offense of theft despite the use of the words 'under circumstances not amounting to theft' in the definition of conversion. If conversion is the same as theft but is included in the code as a misdemeanor to permit the filing of petty thefts in a court of limited jurisdiction, this should be acknowledged and done directly instead of purporting to create a different offense which in fact is not different."

I believe that observation to be even more accurate with respect to the statutes in their present form.