William **MONCRIEF**, Appellant
(Defendant Below),

v.

**STATE of Indiana**, Appellee
(Plaintiff Below).

No. 45A03–8711–CR–305.

Court of Appeals of Indiana,
Third District.

July 26, 1988.

Daniel L. Bella, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Wendy L. Stone, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Moncrief appeals his conviction for attempted theft, contending that the trial court erred in not giving his tendered instruction for the lesser included offense of conversion; he also contests his habitual offender conviction, asserting that the State both failed to prove the necessary requisites and improperly amended the habitual offender count.

We affirm in part and reverse in part.

On September 10, 1986, Appellant William Moncrief (Moncrief) was in the men's department of the Sears store in the Merrillville Southlake Mall at approximately 6 p.m. Marvin Smith, one of Sears' plainclothes security agents, was on duty that night. As Smith was trying on a cashmere coat, Moncrief approached and spoke to Smith, finally asking Smith if he was a cop. While Moncrief walked away toward another department, Smith radioed to the security guard operating the store's video cameras and asked the guard to keep an eye on Moncrief; Smith went to the entrance of the Sears store in the men's department. Later, as Smith again walked in the men's department, he observed Moncrief, who was carrying an armload of cashmere coats. Although Moncrief dropped the coats, he told Smith he was going to put the coats on layaway. However, Moncrief had passed the last cash register prior to the entrance doors. In response, Smith said Moncrief should come with him to the security office. Moncrief refused. At that moment, Smith's partner came down the back stairs into the men's department; Moncrief exited the store into the parking lot. Moncrief motioned to a car parked by the curb, then ran in the opposite direction of the car with Smith and his partner in

pursuit. The chase ended when Moncrief jumped on top of the car he had motioned to earlier parked by the curb. Smith grabbed the car keys. Both Moncrief and the driver of the car were taken to the security office.

The information charged Moncrief with attempted theft; the State sought an habitual offender enhancement, and, by leave of the court, amended the information to include Count II, which charged Moncrief with being an Habitual Class D Felony Offender, pursuant to I.C. 35–50–2–7.1. In challenging the procedures leading to the convictions of attempted theft and being an Habitual Class D Felony Offender, Moncrief presents the following issues for our review:

I. Did the trial court err in refusing Moncrief's tendered instruction on the lesser included offense of conversion?

II. Whether the State's amending of the information to include Count II, charging Moncrief with being an Habitual Class D Felony Offender, was proper?

III. Whether the trial court correctly found that one of Moncrief's prior California convictions was a "felony" for the purposes of Indiana's Habitual Offender statute?

IV. Whether the State proved the date of commission of Moncrief's second prior felony so as to sustain the required sequence for an Habitual Offender conviction?

Because of our disposition of Issue II, we need not reach issues III and IV.

I.

*The Conversion Instruction*

The information charged Moncrief with attempted theft.[1] At trial, the court read instructions which included an explanation of the elements required to find one guilty of attempted theft. However, Moncrief contends that since conversion is a lesser included offense of theft, and because

---

1. According to the Indiana Code, "[a] person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. . . ." West's AIC 35–41–5–1(a).

there was a question regarding whether Moncrief had the requisite "intent" to commit theft, the court should have read his tendered instruction on conversion.

According to the Indiana Code,

A person who knowingly or intentionally exerts unauthorized control over property of another person, *with intent to deprive* the other person of any part of its value or use, commits theft, a Class D felony.... (Emphasis added.)

West's AIC 35–43–4–2(a). Similarly,

A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor.

West's AIC 35–43–4–3.

The element distinguishing theft from conversion is the "intent to deprive" element material to the commission of theft. But for that element, conversion and theft contain the same material elements, thus making conversion a lesser included offense of theft.[2] *Snuffer v. State* (1984), Ind.App., 461 N.E.2d 150, 155. However, a defendant is not automatically entitled to an instruction on a lesser included offense. *Jones v. State* (1982), Ind., 438 N.E.2d 972, 975. The test for determining when an instruction on a lesser included offense should be given was explained in great detail by this court in *Roddy v. State* (1979), 182 Ind.App. 156, 394 N.E.2d 1098.

The *Roddy* test is two-pronged. The first addresses the circumstances which make it appropriate to "include" the lesser offense within the crime charged, as well as when it is appropriate to convict the defendant of the lesser offense. The second prong provides a way of ensuring that the instructions correspond to the evidence.

The following paragraph from *Roddy* succinctly states the specifics pertinent to the case before us:

[T]he major focus of the evidentiary test is not on the elements of the lesser offense, but rather on the element(s) which distinguish(es) the offense charged from the lesser included offense. If the evidence which indicates that the defendant did in fact commit the distinguishing element is uncontroverted, then the instruction on the lesser included offense should not be given to the jury. If, however, as the Court stated in *Lawrence,* evidence of probative value raises a "serious dispute" regarding whether the defendant in fact committed the distinguishing element(s), an instruction and form of verdict on the lesser included offense should be given to the jury. *Lawrence v. State* [ (1978), 268 Ind. 330, 375 N.E.2d 208,] 213.

*Roddy, supra,* 394 N.E.2d at 1111.

As stated above, *Roddy* indicates that the crucial question in the case before us is whether there was a serious dispute over Moncrief's "intent to deprive" Sears of the coats. If a dispute of that magnitude existed, then the jury could properly have found Moncrief guilty of conversion, and the conversion instruction should have been given. However, if the jury was compelled to find that Moncrief had the "intent to deprive" required under the attempted theft charge, then the court properly refused to give the conversion instruction. For, if the evidence establishes all of the elements of the greater crime, such that the jury could not convict without convicting of the greater crime, then the court did not err in refusing the instruction on the lesser crime. *Johnson v. State* (1988), Ind., 518 N.E.2d 1073, 1077; *Jones v. State* (1982), Ind., 438 N.E.2d 972, 975.

Here, the evidence establishes that Moncrief had the requisite intent. The testimony indicates that Moncrief had passed the last cash register before the entrance door, in which direction he seemed to be headed.[3] Additionally, Marvin Smith testified that Moncrief was "about three feet" from the entrance doors when Moncrief met Smith

---

**2.** The Indiana Code defines "included offense" as an offense which "is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged." West's AIC 35–41–1–16(1).

**3.** Layaways can be made at any cash register. (Record, p. 167.)

and dropped the coats. (Record, p. 167, 1.6.) Finally, Moncrief signed a statement which included the following question and Moncrief's answer:

Question, when you went to the Sears store at the Southlake Mall, did you plan to steal clothing there? Answer, yeah.

(Record, p. 251, 11. 16–19.)

In contrast, the only evidence suggesting that Moncrief did not have the "intent to deprive" is his "layaway" statement. According to Moncrief's statement as well as the testimony of Marvin Smith, when Moncrief came face to face with Smith, Moncrief dropped the coats but told Smith that he intended to put these coats on layaway. While the jury is free to accept or reject the confession of a defendant, *Sanders v. State* (1972), 259 Ind. 43, 284 N.E.2d 751, it is also possible to infer "intent" from the surrounding circumstances. *Anglin v. State* (1986), Ind., 490 N.E.2d 721, 723.

Despite Moncrief's layaway statement, the circumstances surrounding the charge, coupled with Moncrief's own statement, provide a basis for finding that Moncrief had the "intent to deprive," thus precluding the existence of a "serious dispute" over such intent. In the absence of such a dispute, *Roddy* makes it clear that the court properly excluded the tendered instruction on the lesser included offense of conversion. As we reiterated in *Wojtowicz v. State* (1987), Ind.App., 510 N.E.2d 187, *reh. denied,* "when substantial uncontested evidence was presented as to the defendant's intentional actions in an alleged theft, no error resulted in the trial court's refusal to give a tendered instruction on conversion." *Wojtowicz, supra,* at 189, quoting *Maisonet v. State* (1983), Ind., 448 N.E.2d 1052, 1055.[4]

Since the evidence in this case supports Moncrief's conviction for attempted theft, the trial court did not err by refusing Moncrief's tendered instruction on conversion.

## II.

### *The Amended Information*

We need not address whether the court properly allowed the State to amend the information to include count II, charging Moncrief with being an Habitual Class D Felony Offender as defined in I.C. 35–50–2–7.1,[5] because Moncrief cannot be found to be an Habitual Class D Felony Offender under that statute. Accordingly, we reverse Moncrief's conviction under I.C. 35–50–2–7.1, the Habitual Class D Felony Offender statute.

Indiana Code 35–50–2–7.1 was enacted by P.L. 328–1985, section 3 of which states, in part:

(b) If all of the felonies that are relied upon for sentencing a person as an habitual offender under IC 35–50–2–8 are felonies that were committed before September 1, 1985, the *felonies shall be prosecuted* and remain punishable *under IC 35–50–2–8* as if this act had not been enacted. (Emphasis added.)

Thus, pursuant to this section, I.C. 35–50–2–7.1 will not apply to those cases in which the prior felonies relied upon to convict one of an habitual offender count were committed prior to September 1, 1985. In such cases, prosecution for habitual offender status must occur under I.C. 35–50–2–8.

Our Supreme Court acknowledged this aspect of I.C. 35–50–2–7.1 in *Hensley v. State* (1986), Ind., 497 N.E.2d 1053, *reh. denied,* a case in which a criminal was

---

**4.** This complies with the justifiable concern of a "compromise verdict." Our Supreme Court addressed such a situation as follows:

"For the trial court to have instructed the jury that it could find the defendant not guilty as charged but guilty of robbery, as a lesser included offense, would have been to suggest to them a compromise verdict. Although compromise verdicts doubtlessly are often forthcoming, they are not sanctioned in law and certainly should not be court induced."

*Jones v. State* (1982), Ind., 438 N.E.2d 972, 975, quoting *Hester v. State* (1974), 262 Ind. 284, 315 N.E.2d 351, 354.

**5.** The Habitual Class D Felony Statute reads, in part:

The state may seek to have a person sentenced as an habitual Class D felony offender by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated Class D felony convictions.

West's AIC § 35–50–2–7.1(a).

convicted under I.C. 35–50–2–8, and appealed, claiming that he should have been convicted under I.C. 35–50–2–7.1, which offers a lower number of years for those offenders who habitually commit class D felonies. However, as his prior felonies were committed before September 1, 1985, the court upheld the habitual offender conviction under I.C. 35–50–2–8, stating:

> The Legislature's intent is directly and clearly expressed.... It excludes any felonies committed before the effective date of September 1, 1985. The Legislature's intent therefore does not require any construction or interpretation. It, in fact, places us under a duty to enforce the statute according to its obvious meaning. (Citations omitted.)

*Hensley, supra,* at 1055. Thus, we, too, are bound to follow the Legislature's will as expressed in § 3 of P.L. 328–1985; we cannot convict a defendant of being an Habitual Class D Felony Offender under I.C. 35–50–2–7.1 if the prior felonies relied upon for that conviction were committed before September 1, 1985.

In Moncrief's case, to convict Moncrief of being an Habitual Class D Felony Offender, the State relied upon two prior felonies which were both committed before September 1, 1985. The first felony conviction occurred on September 24, 1979; Moncrief was convicted for the second in July of 1981. The fact that both felonies occurred prior to September 1, 1985 precludes Moncrief from being convicted of being an Habitual Class D Felony Offender under I.C. 35–50–2–7.1. Consequently, we must vacate Moncrief's conviction under this statute, as we will not uphold a conviction under the wrong statute.

Accordingly, we reverse and remand to the trial court for resentencing solely on Moncrief's conviction of attempted theft.

HOFFMAN, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

I agree that the trial court did not err in refusing to give an instruction of conversion. However, I do so under the view that despite a semantic difference between theft and conversion as to the mens rea required, the crimes are actually one and the same. *Irvin v. State* (1986) 2d Dist.Ind.App., 501 N.E.2d 1139; *Wojtowicz v. State* (1987) 3d Dist.Ind.App., 510 N.E.2d 187 at 190 (Sullivan, J., concurring).

In all other respects I concur in the majority opinion.