**Andre D. JOHNSON, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

No. 71A03–9101–CR–14.

Court of Appeals of Indiana,
Third District.

Feb. 11, 1992.

Stephen G. Drendall, South Bend, for appellant-defendant below.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff below.

STATON, Judge.

Andre Dewayne Johnson appeals from a conviction for four counts of fraud and one of attempted fraud, raising the sole issue of whether his sentence on one of the fraud counts was properly enhanced by Indiana Code 35–50–2–8 (1988), the habitual offender statute.

We affirm.

Johnson was convicted of four counts of fraud and one count of attempted fraud, all Class D felonies, for using or attempting to use a stolen credit card on April 10 and 11 of 1990. He received a sentence of three years for each of the offenses, all but one to run consecutively, for a sentence of twelve years. In addition, the trial judge enhanced his sentence on one of the counts of fraud for another twelve years pursuant to the habitual offender statute, Indiana Code 35–50–2–8 (1988), for a total sentence of twenty-four years. The enhancement was based upon two Class D felony thefts which were committed before September 1, 1985. On appeal, Johnson challenges the use of Indiana Code 35–50–2–8 as improper.

Prior to 1985, offenders with multiple felony convictions were sentenced as habitual offenders with no distinction made for the class of felony upon which the enhancement was based. IC 35–50–2–8. This habitual offender statute contains a presumptive enhancement of 30 years. In 1985, the legislature enacted Indiana Code 35–50–2–7.1, the habitual Class D felony offender statute, which provided a presumptive enhancement of eight years if the offender's prior felonies, as well as the enhanced felony, were Class D felonies. In addition, the legislature added subsection (h) to Indiana Code 35–50–2–8, which made it inapplicable to D felony recidivists.

The enacting legislation also contained the following savings clause:

SECTION 3. (a) The addition of IC 35–50–2–7.1 and the amendment of IC 35–50–2–8 by this act do not affect any:

(1) rights or liabilities accrued;

(2) penalties incurred; or

(3) proceedings begun;

before September 1, 1985. The rights, liabilities, and proceedings are continued and punishments, penalties, or forfeitures shall be imposed and enforced under IC 35–50–2–8 as if this act had not been enacted.

(b) If all of the felonies that are relied upon for sentencing a person as an habitual offender under IC 35–50–2–8 are felonies that were committed before September 1, 1985, the felonies shall be prosecuted and remain punishable under IC 35–50–2–8 as if this act had not been enacted.

The trial judge relied upon this savings clause in enhancing Johnson's sentence under Indiana Code 35–50–2–8.

Johnson argues on appeal that he was incorrectly sentenced under section 8, as the term "all" in the savings clause refers to the enhanced felony as well as the prior felonies. Stated otherwise, Johnson argues that under the language of the savings clause, both the enhanced Class D felony and the prior Class D felonies must have been committed before September 1, 1985 in order for him to be sentenced under section 8. In support of his argument he cites *Jones v. State* (1991), Ind.App., 569 N.E.2d 975.

In *Jones,* a 2–1 decision, the offender had two prior Class D felonies committed be-

fore September 1, 1985, while the enhanced felony was committed after that date. In a 2–1 decision, our Second District held that the habitual Class D felony offender statute applied, rather than Indiana Code 35–50–2–8. The majority expressly declined to follow our decision in *Moncrief v. State* (1988), Ind.App., 525 N.E.2d 1286, which was cited by Judge Hoffman in the dissent. The majority concluded that the word "all" as used in the savings clause meant that the enhanced felony, as well as the prior felonies, had to have been committed before September 1, 1985 in order for the original habitual offender statute to apply.

In *Moncrief*, we stated, "we cannot convict a defendant of being an Habitual Class D Felony Offender under I.C. 35–50–2–7.1 if the *prior* felonies relied upon for that conviction were committed before September 1, 1985." *Id.* at 1290 (emphasis added). Moncrief's enhanced felony was committed in 1986.

While the *Jones* majority's extensive analysis concluded that the legislature intended the enhanced felony be committed before September of 1985 in order for the prior statute to be applicable, we believe that the analysis employed in that case omitted some important rules of statutory construction.

■ We will not presume that the legislature intended to enact a statute that is a nullity or has useless or ineffectual provisions. *State ex rel. Hatcher v. Lake Superior Court* (1986), Ind., 500 N.E.2d 737, 739; *Northern Indiana Bank and Trust Co. v. State Board of Finance* (1983), Ind., 457 N.E.2d 527, 532; *Sharton v. Slack* (1982), Ind.App., 433 N.E.2d 856, 859, *transfer denied.* Consequently, we avoid a construction of a statute which would render that statute meaningless. *Hatcher, supra,* at 740. Moreover, when a question arises as to the applicability of criminal statutes, we apply the law in effect at the time the crime is committed. *Parsley v. State* (1980), 273 Ind. 46, 401 N.E.2d 1360, 1362, *cert. denied* 449 U.S. 862, 101 S.Ct. 166, 66 L.Ed.2d 79. The time of the crime is selected as an act of free will of the offender, and penal consequences are frozen as of that event. *Id.*

Applying these rules of construction to the savings clause in the habitual offender statute, we deem it unwise to follow *Jones.* If the enhanced felony, as well as the prior felonies, were committed before September 1, 1985, then the applicable law would be the law in effect on the date that the enhanced felony was committed. As the Habitual Class D Felony Offender statute became effective on September 1, 1985,[1] the original habitual offender statute would be controlling. Thus, under the *Jones* construction of the savings clause, it would not "save" anything. That the savings clause was intended to "save" something is clear—if the conditions precedent are fulfilled, "the felonies shall be prosecuted and remain punishable under IC 35–50–2–8 as if this act had not been enacted." Implicit is the view that the new act, in changing the law, would result in some crimes being treated differently if the savings clause had not been made a part of the new act. Logically, the only crimes which could be treated differently by the act are those which were committed after its effective date, September 1, 1985.

■ The inescapable conclusion is that the word "all" in the savings clause refers to the offender's *prior felonies*, not the prior felonies *and* the enhanced felony. That is what the clause was intended to save—offenders would be punished under the earlier law if their prior felonies had been committed while that law was in effect. To construe the savings clause as the *Jones* majority did would render it meaningless. Accordingly, we decline to follow the *Jones* decision and reaffirm our statement in *Moncrief* that Indiana Code 35–50–

---

1. IC 1–1–3–3 (1985). Note that Indiana Code 1–1–3–3 was amended by P.L. 1–1987 to provide that unless a different time is specified in the act, the act would become effective on July 1 of that year, rather than September 1.

2–8 is applicable when all of an offender's prior Class D felonies were committed before September 1, 1985, regardless of whether the enhanced felony was committed before that date.

■ As both of Johnson's prior Class D felonies were committed before September 1, 1985, the trial court correctly ruled that Indiana Code 35–50–2–8 was the applicable habitual offender statute.[2] The trial court's enhancement of the fraud conviction by twelve years pursuant to Indiana Code 35–50–2–8 is hereby affirmed.

GARRARD, J., concurs.

BUCHANAN, J., dissents and files separate opinion.

BUCHANAN, Judge, dissenting.

In view of our previous decision in *Jones v. State* (1991), Ind.App., 569 N.E.2d 975, I cannot agree with the majority holding. We concluded in *Jones* that the Savings Clause was intended to apply when *all* of the felonies relied upon for sentencing a person as an habitual offender were committed before September 1, 1985. "All" means both the prior convictions relied upon as well as the underlying felony conviction being enhanced. *See Moredock v. State* (1987), Ind., 514 N.E.2d 1247 ("all" used in Ind.Code 35–50–2–8(h) includes underlying felonies in addition to enhancing felonies). Therefore, because Johnson's underlying felony was committed *after* September 1, 1985, he was prosecuted under the wrong habitual offender statute.[1] *Jones, supra.*

The majority position that *Jones'* construction of the Savings Clause would render it a nullity is not accurate. Relied on by the majority is *Parsley v. State* (1980),

273 Ind. 46, 401 N.E.2d 1360, *cert. denied* 449 U.S. 862, 101 S.Ct. 166, 66 L.Ed.2d 79 for the proposition that, when applying criminal statutes, the law in effect at the time the crime is committed is applied. But that case dealt with a defendant who was convicted of inflicting injury during the commission of a robbery alleged to have occurred on September 17, 1970. The defendant was convicted sometime before the Supreme Court affirmed his conviction in *Parsley v. State* (1973), 261 Ind. 106, 300 N.E.2d 652. The defendant was sentenced to life imprisonment under the laws in effect at the time the crime was committed and he was tried and sentenced. Four years after the Supreme Court had affirmed his conviction, in 1977, the legislature amended the criminal code, recodified the offense of which the defendant was convicted, and set a new penalty limit of 50 years. The defendant argued that the new limit should apply to him, and the Supreme Court rejected that argument.

The rule of law is different when an ameliorative penalty statute is enacted between the time a defendant *commits* a crime and is *sentenced* for that crime. This court's opinion in *Maynard v. State* (1977), 174 Ind.App. 202, 367 N.E.2d 5, concluded that a statute that lessens the penalty of a crime should be applied to persons who *committed* the crime before the statute was enacted, but who were not *sentenced* until after the statute was enacted. The Supreme Court expressly adopted this rule concerning the application of ameliorative statutes in *Lewandowski v. State* (1979), 271 Ind. 4, 389 N.E.2d 706. *See also Holsclaw v. State* (1979), 270 Ind. 256, 384 N.E.2d 1026 ("exception to the general rule is recognized where the penalty is decreased by a statute enacted after the commission of the crime but prior to the

---

**2.** Johnson has apparently received considerable mileage on both his prior convictions and challenges to the habitual offender statutes. In an unpublished memorandum decision, this court reversed the enhancement of his sentence pursuant to IC 35–50–2–7.1 based upon an argument similar to that made by the State in the present case. *Johnson v. State* (April 19, 1989),

Ind.App., No. 71A03–8812–CR–00380; Record, pp. 643–646.

**1.** Hereinafter IC 35–50–2–8 will be referred to as the Habitual Offender Statute and IC 35–50–2–7.1 will be referred to as the D Felony Statute.

defendant's trial and sentencing." *Id.* at 261, 384 N.E.2d at 1030).

It seems apparent, then, rather than rendering the Savings Clause a nullity, the construction of the Savings Clause in *Jones, supra* effectuates the legislature's intent to avoid the ameliorative sentencing doctrine which would have been applied if the Savings Clause had not been enacted. The application of the ameliorative sentencing doctrine was precisely the argument rejected by the Supreme Court when it invoked the Savings Clause in *Hensley v. State* (1986), Ind., 497 N.E.2d 1053. If the Savings Clause was not intended to avoid the ameliorative sentencing doctrine, then the Supreme Court would not have needed to invoke it in *Hensley*. The Court could have simply applied "the law in effect at the time the crime [was] committed," Majority opinion at 1354, in order to conclude Hensley was properly sentenced under the Habitual Offender Statute. The Supreme Court's construction of the Savings Clause in *Hensley* demonstrated the intent of the legislature when it enacted the Savings Clause, and that opinion is entirely consistent with the analysis of *Jones, supra.*

There can be no doubt that the amendment of the Habitual Offender Statute and the enactment of the D Felony Statute was an ameliorative reduction of the penalty imposed on habitual offenders. As was observed in *Jones,* the D Felony and Habitual Offender Statutes are mutually exclusive, and the D Felony Statute allows for a lesser enhancement of a defendant's sentence if he habitually commits only class D felonies. The Supreme Court, in *Hensley,* also characterized the D Felony Statute as ameliorative.

In *Jones,* we looked to the Supreme Court's construction of the word "all" in an identically worded passage of the Habitual Offender Statute. In *Moredock, supra,* the Supreme Court concluded that "all the felonies relied upon for sentencing," as that phrase is used in section (h) of the Habitual Offender Statute, included the underlying felony being enhanced as well as the prior enhancing felonies. Following the general principle of construction that when phrases are used at one place in a statute, they will be given the same meaning when used at another place in the statute, we concluded in *Jones* the Savings Clause was applicable only to those defendants with underlying crimes committed prior to the effective date of the amendments.

The reasoning for the Supreme Court's decision in *Moredock* is that being an habitual offender is not a crime, it is a status. A defendant is not eligible to be classified as an habitual offender until a conviction for the commission of an underlying crime has been obtained. The Supreme court has repeatedly stated that defendants cannot be given an additional sentence for being an habitual offender, only that their sentence for the underlying crime can be *enhanced* due to their habitual offender status. *See Gilliam v. State* (1986), Ind., 494 N.E.2d 319; *Richardson v. State* (1985), Ind., 481 N.E.2d 1310; *Yager v. State* (1982), Ind., 437 N.E.2d 454. The underlying felony conviction *must* be relied upon for sentencing under the Habitual Offender Statute because a defendant *cannot* be sentenced based solely on the fact he has two prior felony convictions. He can *only* be sentenced on the underlying felony, and have *that* sentence enhanced due to his status as an habitual offender.

The construction the majority gives to the Savings Clause is also inconsistent with the legislature's clear intention to weigh older felony convictions less heavily than more recent convictions. Section (e) of the Habitual Offender Statute provides, in pertinent part:

"If the court finds that ten (10) years or more have elapsed between the date the person was discharged from probation, imprisonment or parole (whichever is later) for the last prior unrelated felony conviction and the date the person committed the felony for which the person is being sentenced as an habitual offender, then the court may subtract up to twen-

ty-five (25) years from the additional fixed term of thirty (30) years."

The majority construction of the Savings Clause would weigh older convictions more heavily than more recent convictions because it would impose the harsher penalties of the prior version of the Habitual Offender Statute *only* on defendants with convictions for crimes committed prior to the enactment of the amendments. Also, the above portion of the Habitual Offender Statute clearly refers to the *underlying* felony conviction as a conviction relied upon for sentencing under the statute.

Applying the construction of the Savings Clause used in *Jones*, it is manifest that Johnson should have been sentenced under the D Felony Statute.[2] Johnson's underlying class D felony conviction was committed in April, 1990. This was the conviction for which he was being sentenced, and his sentence for that conviction was enhanced due to his status as an habitual offender. The Savings Clause applies only if *all* of the felonies relied upon for sentencing were committed prior to September, 1, 1985. As the primary felony being relied upon to sentence Johnson was committed after September 1, 1985, the Savings Clause is inapplicable and Johnson should have been sentenced pursuant to the present habitual offender statutory scheme.

Section (h) of the present Habitual Offender Statute provides that a defendant may not be sentenced under the Habitual Offender Statute if all of the felonies relied upon for sentencing are class D felonies. Johnson's prior felonies were both class D felonies, as was his underlying conviction. Therefore Johnson cannot be sentenced under the Habitual Offender Statute. As all of Johnson's convictions are class D felonies, sentencing under the D Felony Statute would be appropriate.

**2.** It is unfortunate that Johnson was properly determined to be an habitual class D felony offender under the D Felony Statute, but that determination was reversed by this court in another proceeding. That mistake can be corrected, however, and it does not alter our duty

*Jones, supra,* was correctly decided. Rather than rendering the Savings Clause a nullity, the construction in *Jones* effectuates the obvious intent of the legislature when it sought to avoid the ameliorative sentencing doctrine that would have been applied had the Savings Clause not been enacted. The construction in *Jones* is entirely consistent with the provisions of both the Habitual Offender Statute and the D Felony Statute as well as the Supreme Court's decisions in *Hensley* and *Moredock.*

to correctly apply the laws our legislature has enacted.